B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>**Southern District of New York** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**DJK Residential LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**SEE RIDER 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indivdual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**26-1789660** | Last four digits of Soc. Sec. or Indivdual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**99-101 Fifth Avenue, 7th Floor**<br>**New York, NY 10003**<br>ZIP CODE **44124** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**New York County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check **one** box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

_____

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- [x] A plan is being filed with this petition.
- [x] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**DJK Residential LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed:  **-None-** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:    **SEE RIDER 2** | Case Number: | Date Filed: |
| District:    Southern District of New York | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐    Exhibit A is attached and made a part of this petition. | X _____<br>       Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No.*

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

*The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm.

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | **DJK Residential LLC** |

| **Signatures** | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    _____
    Telephone Number (if not represented by attorney)

    _____
    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

    _____
    (Printed Name of Foreign Representative)

    _____
    Date

**Signature of Attorney***

X   */s/ Richard M. Cieri*
    Signature of Attorney for Debtor(s)
    **Richard M. Cieri**
    Printed Name of Attorney for Debtor(s)
    **Kirkland & Ellis LLP**
    Firm Name
    **153 East 53rd Street, New York, NY 10022**
    Address
    **(212) 446-4800**

    _____
    Telephone Number
    **February 5, 2008**
    Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

    _____
    Printed Name and title, if any, of Bankruptcy Petition Preparer

    _____
    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

    _____
    Address

X _____

    _____
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   */s/ Eryk J. Spytek*
    Signature of Authorized Individual
    **Eryk J. Spytek**
    Printed Name of Authorized Individual
    **Senior Vice President, General Counsel & Secretary**
    Title of Authorized Individual
    **February 5, 2008**
    Date

## RIDER 1 - PRIOR TRADE NAMES

All Other Names used by the Debtor in the last 8 years:

**NONE**

## RIDER 2 - LIST OF FILING ENTITIES

Along with the Debtor, DJK Residential LLC, the following affiliated debtors contemporaneously have filed chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York:

1. A Five Star Forwarding, Inc.
2. A Relocation Solutions Management Company
3. A Three Rivers Forwarding, Inc.
4. A.V.L. Transportation, Inc.
5. Alaska USA Van Lines, Inc.
6. Allied Alliance Forwarding, Inc
7. Allied Continental Forwarding, Inc.
8. Allied Domestic Forwarding, Inc.
9. Allied Freight Forwarding, Inc.
10. Allied Intermodal Forwarding, Inc.
11. Allied International, N.A. Inc.
12. Allied Interstate Transportation, Inc.
13. Allied Transcontinental Forwarding, Inc.
14. Allied Transportation Forwarding, Inc.
15. Allied Van Lines Terminal Company
16. Allied Van Lines, Inc.
17. Allied Van Lines, Inc. of Indiana
18. Americas Quality Van Lines, Inc.
19. Anaheim Moving Systems, Inc.
20. Cartwright Moving & Storage Co., Inc.
21. Cartwright Van Lines, Inc.
22. City Storage & Transfer, Inc.
23. CMS Holding, LLC
24. Executive Relocation Corporation
25. Federal Traffic Service, Inc.
26. Fleet Insurance Management, Inc.
27. FrontRunner Worldwide, Inc.
28. Global Van Lines, Inc.
29. Global Worldwide, Inc.
30. Great Falls North American, Inc.
31. Lyon Van Lines, Inc.
32. Lyon Worldwide Shipping, Inc.
33. Manufacturing Support Services, LLC
34. Meridian Mobility Resources, Inc.
35. Move Management Services, Inc.
36. NA (UK) GP Corporation
37. NACAL, Inc.
38. NAVL LLC
39. NorAm Forwarding, Inc.
40. North American Forwarding, Inc.

41. North American International Holding Corporation
42. North American International N.A., Inc.
43. North American Logistics, Ltd.
44. North American Van Lines of Texas, Inc.
45. North American Van Lines, Inc.
46. Relocation Risk Solutions, LLC
47. RS Acquisition Holding, LLC
48. RS Acquisition, LLC
49. SIRVA Container Lines, Inc.
50. SIRVA Freight Forwarding, Inc.
51. SIRVA Global Relocation, Inc.
52. SIRVA Imaging Solutions, Inc.
53. SIRVA, Inc.
54. SIRVA MLS, Inc.
55. SIRVA Relocation LLC
56. SIRVA Settlement of Alabama, LLC
57. SIRVA Settlement, Inc.
58. SIRVA Worldwide, Inc.
59. Trident Transport International, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-_____(___) |
| DJK Residential LLC, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE THIRTY LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a petition in the Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is the consolidated list of the Debtors' creditors holding the thirty largest unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately December 31, 2007, or more recent if available. The Consolidated List is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of the thirty largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; and Trident Transport International, Inc.

| | (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|---|
| * | SIRVA UK Pension Scheme<br>Heritage House, 345 Southbury Road<br>Enfield, Middlesex, EN1 1UP, UK | SIRVA Trustees Limited<br>Attn: Stephen Holland<br>Heritage House, 345 Southbury Road<br>Enfield, Middlesex, EN1 1UP, UK<br>P: 44-2082198200<br>F: 44-2082198041 | UK Pension Guarantee | Contingent; Unliquidated | $31,808,000 |
| * | Owner Operators Independent Drivers Association<br>The Cullen Law Firm PLLC<br>1101 30th Street, N.W. Suite 300<br>Washington, D.C. 20007 | Daniel E. Cohen<br>The Cullen Law Firm PLLC<br>1101 30th Street, N.W. Suite 300<br>Washington, D.C. 20007<br>P: (202) 944-8600<br>F: (202) 944-8611 | Litigation Settlement | Undisputed | $5,000,000 |
| | TEAM Relocations<br>Drury Way<br>London, UK NW10 0NJ | Tim Roemer<br>Drury Way<br>London, UK NW10 0NJ<br>P: 44-2089551333<br>F: 44-2089551336 | Vendor | Contingent; Unliquidated | $3,805,945 |
| | Johnson & Johnson<br>US Route 1 & Aaron Road<br>New Brunswick, NJ 08902 | Ruth Davis<br>US Route 1 & Aaron Road<br>New Brunswick, NJ 08902<br>P: (732) 524-4000<br>F: (732) 524-5031 | Client | Undisputed; Contingent | $3,401,878 |
| | Abbot Laboratories<br>1401 N. Sheridan Road, D-311-A3A-3<br>North Chicago, IL 60064 | Tillie Scanian<br>1401 N. Sheridan Road, D-311-A3A-3<br>North Chicago, IL 60064<br>P: (847) 937-8655<br>F: (847) 937-4766 | Client | Undisputed; Contingent | $2,790,563 |
| | UnitedHealth Group<br>9900 Bren Road East Mail Route, MN008-B217<br>Minnetonka, MN 55343 | Thomas Valerius<br>9900 Bren Road East Mail Route,<br>MN008-B217<br>Minnetonka, MN 55343<br>P: (952) 936-7329<br>F: (952) 936-3052 | Client | Undisputed; Contingent | $2,526,369 |
| | US Department of Treasury<br>Office of the Treasurer<br>1500 Pensnsylvania Avenue, NW, Room 2134<br>Washington, D.C. 20220 | Office of the Treasurer<br>1500 Pennsylvania Avenue, NW, Room 2134<br>Washington, D.C. 20220<br>P: (202) 622-2000<br>F: (202) 622-6464 | Client | Undisputed; Contingent | $1,190,166 |
| | Beltmann Group Inc.<br>2480 Long Lake Road<br>Roseville, MN 55113 | Dann W. Battina<br>2480 Long Lake Road<br>Roseville, MN 55113<br>P: (651) 639-2800<br>F: (651) 639-2933 | Agent | Undisputed; Contingent | $1,186,570 |
| | 3M Company<br>3M Center Building 224-02-W-15<br>St. Paul, MN 55144 | Judy Knepp<br>3M Center Building 224-02-W-15<br>St. Paul, MN 55144<br>P: (651) 733-1110<br>F: (651) 736-2133 | Client | Undisputed; Contingent | $1,068,416 |
| | Cargill, Inc.<br>P.O. Box 9300, MS 83<br>Minneapolis, MN 55440 | Sandy Palmer<br>P.O. Box 9300, MS 83<br>Minneapolis, MN 55440<br>P: (952) 742-6125<br>F: (952) 742-6502 | Client | Undisputed; Contingent | $1,018,896 |

| (1)<br>Name of creditor and complete mailing address, including zip code | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| MacDermid Incorporated<br>245 Freight Street<br>Waterbury, CT 06702 | Deb Christensen<br>245 Freight Street<br>Waterbury, CT 06702<br>P: (203) 575-5700<br>F: (203) 575-5630 | Client | Undisputed;<br>Contingent | $775,479 |
| Mills Van Lines, Inc.<br>14675 Foltz Industrial Parkway<br>Strongsville, OH 44136 | Robert K. Mills<br>14675 Foltz Industrial Parkway<br>Strongsville, OH 44136<br>P: (440) 846-0200<br>F: (440) 846-0606 | Agent | Undisputed;<br>Contingent | $723,842 |
| Ward North American<br>17275 Green Mountain Rd., Suite 100<br>San Antonio, TX 78247 | Kevin Ankenbauer<br>17275 Green Mountain Rd., Suite 100<br>San Antonio, TX 78247<br>P: (210) 655-8623<br>F: (210) 967-5420 | Agent | Undisputed;<br>Contingent | $704,341 |
| PetSmart, Inc.<br>19601 North 27th Avenue<br>Phoenix, AZ 85027 | Marci Renfro<br>19601 North 27th Avenue<br>Phoenix, AZ 85027<br>P: (623) 395-6100<br>F: (623) 395-6517 | Client | Undisputed;<br>Contingent | $569,782 |
| The North American Coal Corporation<br>Signature Place II<br>14785 Preston Rd Suite 1100<br>Dallas, TX 75254 | Patty Kropp<br>Signature Place II<br>14785 Preston Rd Suite 1100<br>Dallas, TX 75254<br>P: (972) 239-2625<br>F: (972) 387-1328 | Client | Undisputed;<br>Contingent | $560,270 |
| Comcast Communications Inc.<br>1500 Market Street,<br>8 Floor East Tower<br>Philadelphia, PA 19102 | Mary Pennington<br>1500 Market Street<br>8 Floor East Tower<br>Philadelphia, PA 19102<br>P: (215) 665-1700<br>F: (215) 981-7790 | Client | Undisputed;<br>Contingent | $553,548 |
| Bayshore Transportation Systems Inc.<br>901 Dawson Drive<br>New Castle, DE 19713 | Linda L. Piazza<br>901 Dawson Drive<br>New Castle, DE 19713<br>P: (302) 366-0220<br>F: (302) 366-8085 | Agent | Undisputed | $519,948 |
| KPMG LLP<br>Three Chestnut Road<br>Montvale, NJ 07645 | Cathy A. Schultz<br>Three Chestnut Road<br>Montvale, NJ 07645<br>P: (201) 307-7306<br>F: (201) 505-6305 | Client | Undisputed;<br>Contingent | $500,000 |
| Accretive Solutions Houston LLP<br>10375 Richmond Avenue<br>Houston, TX 77042 | Gary Horn<br>10375 Richmond Avenue<br>Houston, TX 77042<br>P: (713) 266-8288<br>F: (713) 266-8299 | Vendor | Disputed | $497,687 |
| United Launch Alliance LLC<br>9100 E Mineral Circle, MS-U6001<br>Centennial, CO 80112 | Susan Moore<br>9100 E. Mineral Circle, MS-U6001<br>Centennial, CO 80112<br>P: (720) 922-7100 | Client | Undisputed;<br>Contingent | $485,517 |
| Wells Fargo Home Mortgage<br>Attn: Client Accounting, P.O. Box 340<br>Frederick, MO 21705 | Amy Simpson<br>Attn: Client Accounting, P.O. Box 340<br>Frederick, MO 21705<br>P: (301) 662-5413<br>F: (301) 662-7020 | Client | Undisputed;<br>Contingent | $461,636 |

| (1) Name of creditor and complete mailing address, including zip code | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (secured also state value of security) |
|---|---|---|---|---|
| John Deere<br>HR Shared Services Center<br>3800 Avenue of the Cities, Suite 108<br>Moline, IL 61265 | Chelsey Allaman<br>HR Shared Services Center<br>3800 Avenue of the Cities, Suite 108<br>Moline, IL 61265<br>P: (309) 748-0587<br>F: (309) 749-2345 | Client | Undisputed; Contingent | $413,338 |
| Exxon Mobile<br>4500 Dacoma Street COR BH3546<br>Houston, TX 77092 | Reanna Hamel<br>4500 Dacoma Street COR BH3546<br>Houston, TX 77092<br>P: (713) 680-5148<br>F: (262) 313-4153 | Customer AR Credits | Undisputed; Contingent | $406,000 |
| Winn-Dixie Stores, Inc.<br>5050 Edgewood Court<br>Jacksonville, FL 32254 | Kara Church<br>5050 Edgewood Court<br>Jacksonville, FL 32254<br>P: (904) 783-5828<br>F: (904) 370-7224 | Client | Undisputed; Contingent | $401,648 |
| Coleman American Moving Services, Inc.<br>#1 Covan Drive<br>Midland City, AL 36350 | William J. Brakefield<br>#1 Covan Drive<br>Midland City, AL 36350<br>P: (334) 983-6500<br>F: (334) 983-6716 | Agent | Undisputed; Contingent | $382,536 |
| Palmer Moving & Storage Company<br>24660 Dequindre<br>Warren, MI 48091 | Jeffrey W. Palmer<br>24660 Dequindre<br>Warren, MI 48091<br>P: (586) 834-3400<br>F: (586) 834-3414 | Agent | Undisputed; Contingent | $378,627 |
| Ketchum Directory Advertising<br>225 N. Michigan Ave. 12th Floor<br>Chicago, IL 60611 | Liz Okesson<br>225 N. Michigan Ave. 12th Floor<br>Chicago, IL 60611<br>P: (312) 946-8091<br>F: (312) 946-8297 | Vendor | Undisputed | $354,032 |
| Edward Jones<br>1245 J.J. Kelley Memorial Drive<br>St. Louis, MO 63131 | Ginger Noblitt<br>1245 J.J. Kelley Memorial Drive<br>St. Louis, MO 63131<br>P: (314) 515-2000<br>F: (314) 515-3269 | Client | Undisputed; Contingent | $340,406 |
| Cytec Industries, Inc.<br>5 Garrett Mountain Plaza<br>West Paterson, NJ 07424 | Steve Nackerson<br>5 Garrett Mountain Plaza<br>West Paterson, NJ 07424<br>P: (973) 357-3100<br>F: (973) 357-3065 | Client | Undisputed; Contingent | $337,206 |
| Safeway Inc.<br>5918 Stoneridge Mall Road<br>Pleasanton, CA 94588 | Arlene McCort<br>5918 Stoneridge Mall Road<br>Pleasanton, CA 94588<br>P: (925) 467-3508<br>F: (925) 937-7809 | Client | Undisputed; Contingent | $334,711 |
| Land O'Lakes<br>P.O. Box 64101<br>St. Paul, MN 55164 | Naomi Roodell<br>P.O. Box 64101<br>St. Paul, MN 55164<br>P: (651) 481-2865<br>F: (651) 234-0800 | Client | Undisputed; Contingent | $331,602 |

## DECLARATION UNDER PENALTY
## OF PERJURY ON BEHALF OF CORPORATION

Pursuant to 28 U.S.C. § 1746, I, Eryk J. Spytek, the duly qualified and elected Senior Vice President, General Counsel & Secretary of DJK Residential LLC, declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated: February 5, 2008

/s/ *Eryk J. Spytek*

Eryk J. Spytek

# DJK RESIDENTIAL LLC

## CONSENT IN LIEU OF A SPECIAL
## MEETING OF THE SOLE MEMBER

The undersigned, being the sole member (the "Member") of DJK Residential, LLC, a New York limited liability company (the "Company"), does hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to Section 407(a) of the New York Limited Liability Company Law and in accordance with the provisions of the respective operating agreement of the Company:

> WHEREAS, the Member reviewed the materials presented by management and the advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to the Company and the impact of the foregoing on the Company's businesses and members;

> WHEREAS, the Member has had the opportunity to consult with management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

> WHEREAS, the Member has reviewed the terms of the Company's proposed Chapter 11 plan of reorganization (the "Prepackaged Plan") and related Disclosure Statement and all material documents related thereto; and

> WHEREAS, the Member has considered the solicitation of votes for the Prepackaged Plan and the overwhelming acceptance of the Prepackaged Plan by those creditors entitled to vote thereon.

1. Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code.

> **NOW, THEREFORE, BE IT RESOLVED**, that the officers of the Company (the "Authorized Officers"), be, and they hereby are, authorized to file the Prepackaged Plan and related Disclosure Statement and all materials related thereto, and to seek confirmation of the Prepackaged Plan as expeditiously as possible and to take such steps as are necessary to consummate the Prepackaged Plan as soon as practicable after confirmation;

> **FURTHER RESOLVED**, that, given that sufficient votes

supporting the Prepackaged Plan have been received, it will, in the judgment of the Member, be desirable and in the best interests of the Company, its creditors and other interested parties that a voluntary petition be filed by the Company under the provisions of chapter 11 of title 11 of the United States Code;

**FURTHER RESOLVED**, that all acts and actions taken by the Authorized Officers  prior to the date hereof with respect to distribution of the Disclosure Statement, the solicitation of votes for the Prepackaged Plan be, and hereby are, in all respects confirmed, approved and ratified;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists, motions, applications, pleadings and other papers or documents as necessary to commence the case and obtain chapter 11 relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefore and to obtain debtor in possession financing (as provided for below), and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the chapter 11 case and the Prepackaged Plan, with a view to the successful prosecution of such case;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized and directed to employ the firm of Houlihan, Lokey, Howard and Zukin Capital, Inc., as investment bankers to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance

the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications, if necessary, for authority to retain the services of Houlihan, Lokey, Howard and Zukin Capital, Inc.;

**FURTHER RESOLVED,** that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized and directed to employ the firm of Goldman, Sachs & Co., as investment bankers to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications, if necessary, for authority to retain the services of Goldman, Sachs & Co;

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized and directed to employ the firm of Alvarez & Marsal LLC as financial advisors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Alvarez & Marsal LLC;

**FURTHER RESOLVED**, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers

prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC;

**FURTHER RESOLVED**, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Brunswick Group LLC as corporate communications consultants to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Brunswick Group LLC;

**FURTHER RESOLVED**, that each of the Authorized Officers acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Ernst & Young LLP as independent auditors, accountants and tax advisors to represent and assist the Company in carrying out its duties under title 11 of the United States Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Ernst & Young LLP;

**FURTHER RESOLVED**, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under title 11 of the United States Code; and in connection therewith, each of the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

2.     Debtor-In-Possession Credit and Guarantee Agreement.

**FURTHER RESOLVED**, that the form, terms and provisions of the term sheet attached hereto as <u>Exhibit A</u> (the "<u>DIP Term Sheet</u>") which contemplates the terms and conditions of a Debtor-In-Possession Credit and Guarantee Agreement (the "<u>DIP Credit Agreement</u>"), to be executed, by and among SIRVA Worldwide, Inc., as a borrower, a debtor and debtor-in-possession (the "<u>Borrower</u>") in a case pending under Chapter 11 of the Bankruptcy Code, and certain subsidiaries of the Borrower signatory thereto, (the cases of the Borrower and the Guarantors (as defined in the DIP Term Sheet), each a "<u>Chapter 11 Case</u>" and collectively, the "<u>Chapter 11 Cases</u>"), JPMorgan Chase Bank, as administrative agent (in such capacity, the "<u>DIP Administrative Agent</u>") for the DIP Lenders (as hereinafter defined) and each of the other financial institutions to be party thereto (collectively, the "<u>DIP Lenders</u>") and the Company's performance of its obligations under the DIP Credit Agreement, including a guaranty of any indebtedness, borrowing or letter of credit obligations of the Borrower under the DIP Credit Agreement, be, and hereby are, in all respects, approved on terms substantially consistent with those set forth in the DIP Term Sheet, be, and hereby are, in all respects, approved; and further resolved, that the form, terms and provisions of each of the instruments and documents listed below (together with the DIP Credit Agreement, collectively, the "<u>DIP Loan Documents</u>"), are hereby in all respects approved on terms substantially consistent with those set forth in the DIP Term Sheet, and the Company's performance of their obligations under the DIP Loan Documents be, and hereby are, in all respects approved on terms substantially consistent with those set forth in the DIP Term Sheet, and that each of the Authorized Officers, acting alone or with one or more Authorized Officers be, and hereby is, authorized and empowered to negotiate, execute and deliver the DIP Credit Agreement, and each of the DIP Loan Documents, in the name and on behalf of the Company under its corporate seal or otherwise, substantially consistent with those set forth in the DIP Term Sheet, acting alone or with one or more Authorized Officers, with such changes therein and modifications and amendments thereto as any Authorized Officer may in his or their sole discretion approve, which approval shall be conclusively evidenced by his or their execution thereof:

(i)      a guarantee and collateral agreement and such agreements, assignments or instruments (including affidavits, financing statements, notices, reaffirmations, stock powers and amendments and restatements of existing documents) as may be required thereunder;

(ii)   any (A) copyright security agreement, (B) patent security agreement and (C) trademark security agreement, together with any amendments thereof, such security agreements, notices, financing statements, tax affidavits, and other instruments as the DIP Administrative Agent may reasonably request or as may be necessary or appropriate to create, preserve and perfect the liens purported to be required pursuant to the DIP Loan Documents to be created in the collateral to be described therein as collateral security for the payment of obligations, advances, debts or liabilities related to the Company's obligations;

(iii)  a mortgage or deed of trust, if any, on each piece of parcel property owned by the Company and a leasehold mortgage, if any, on each parcel of real property leased by the Company;

(iv)   such forms of deposit account control agreements, landlord personal property collateral access agreements, landlord waivers, officer's certificates and compliance certificates as may be required by the DIP Credit Agreement or any other DIP Loan Document; and

(v)    such other instruments, certificates, notices, assignments and documents as may be requested by the DIP Administrative Agent pursuant to the DIP Loan Documents.

**FURTHER RESOLVED,** that the Member hereby authorizes the Company to grant liens and security interests in and to all of the Company's assets of whatever kind in favor of the DIP Administrative Agent as collateral to secure the obligations in the DIP Credit Agreement and/or the DIP Loan Documents and the Member or Authorized Officers hereby authorize the DIP Administrative Agent to file any financing statements (including financing statements describing the collateral as "all assets," "all personal property" or with word of similar import), assignments for security or other documents in the name of the Company as may be necessary or desirable to perfect the security interests granted to the DIP Lenders in the DIP Loan Documents;

**FURTHER RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates or documents relating to the transactions

contemplated by the DIP Term Sheet, the DIP Credit Agreement or any of the other DIP Loan Documents and to negotiate, execute and deliver all such supplemental agreements, amendments, instruments, certificates or documents in the name and on behalf of the Company under its corporate seal or otherwise, which shall in their sole judgment be necessary, proper or advisable in order to perform the Company's obligations under or in connection with the DIP Term Sheet and the DIP Credit Agreement or any of the other DIP Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable;

**FURTHER RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Term Sheet, the DIP Credit Agreement and any of the other DIP Loan Documents be, and hereby are, in all respects confirmed, approved and ratified; and

**FURTHER RESOLVED**, that all capitalized terms used in the resolutions under the caption "DEBTOR-IN-POSSESSION CREDIT AND GUARANTEE AGREEMENT" and not otherwise defined herein shall have the meanings ascribed to such terms in the DIP Credit Agreement.

3.    Further Actions and Prior Actions

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

IN WITNESS WHEREOF, the undersigned has executed this consent as of the 4th day of February, 2008.

DJK RESIDENTIAL LLC
By: SIRVA Relocation, LLC, as Member


By: /s/ *Eryk J. Spytek*
     Name:  Eryk J. Spytek
     Title:    Secretary

<u>Exhibit A- DIP Term Sheet</u>

(on file with the Company)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-_____(___) |
| DJK Residential LLC, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## CONSOLIDATED LIST OF EQUITY SECURITY HOLDERS[2]

The outstanding shares of SIRVA Inc.'s common stock are owned as follows:[3]

| Stockholder Name | Shares of Common Stock | Percent of Total |
|---|:---:|:---:|
| ValueAct Capital Master Fund, L.P. | 20,051,502[4] | 20.90% |
| Clayton, Dubilier & Rice Fund V Limited Partnership | 17,085,837 | 22.52% |
| MLF Offshore Portfolio Company, L.P. | 11,957,185[5] | 14.82% |
| MLF Partners 100, L.P. | 503,680 | 0.66% |

---

[1]    The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2]    This list serves as the disclosure required to be made by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief as of January 2, 2008.

[3]    This list includes parties holding more than 5% of SIRVA, Inc.'s common stock.

[4]    The number of shares includes 20,000,000 shares of common stock issuable to ValueAct Capital at any time upon conversion, at its option, of 60,000 shares of the SIRVA's Convertible Perpetual Preferred Stock. The number of shares also includes 36,857 shares of common stock issuable to Mr. Kamin, a managing member, upon conversion of deferred stock granted to Mr. Kamin for serving on SIRVA's board of directors, 3,085 shares of common stock issuable to Kelly J. Barlow, a non-managing member, upon conversion of deferred stock granted to Mr. Barlow for serving on SIRVA's board of directors and 11,560 shares of common stock held by Mr. Barlow. Under agreements with ValueAct Capital, Messrs. Kamin and Barlow are deemed to hold the deferred stock for the benefit of ValueAct Capital. Messrs. Barlow and Kamin resigned from SIRVA's board of directors effective December 13, 2007.

[5]    The number of shares includes 4,795,666 and 204,333 shares of common stock issuable to MLF Offshore and MLF Partners, respectively, at any time upon conversion, at their respective option, of 14,387 and 613 shares of SIRVA's Convertible Perpetual Preferred Stock, respectively. MLF Offshore and MLF Partners are affiliates and are deemed to beneficially own shares of the other.

| Stockholder Name | Shares of Common Stock | Percent of Total |
|---|---|---|
| Mark Lerdal | 8,567,763 | 11.29% |
| Clayton, Dubilier & Rice Fund VI Limited Partnership | 7,102,498 | 9.36% |