Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
Jeffrey W. Gettleman (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Proposed Counsel for the Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-_____(___) |
| DJK Residential LLC, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## MOTION OF THE DEBTORS FOR AN ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

The above-captioned debtors (collectively, the "Debtors") hereby move the Court,

pursuant to this motion (this "Motion"), for the entry of an order, substantially in the form

---

[1] The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

attached hereto as <u>Exhibit A</u>, establishing certain notice, case management, and administrative procedures.  In support of this Motion, the Debtors respectfully state as follows:[2]

<u>**Jurisdiction**</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 102(1) and 105(a) of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules").

<u>**Background**</u>

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.  Concurrently with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases.

5.      The Debtors are a leading provider of relocation and moving services to corporations, government agencies, and individual customers around the world.  The Debtors' relocation services businesses (collectively, "Relocation Services") provide employee relocation

---

[2]     The facts and circumstances supporting this Motion are set forth in the Affidavit of Douglas V. Gathany, Senior Vice President, Treasurer & Investor Relations of DJK Residential LLC in Support of First Day Motions (the "First Day Affidavit"), filed contemporaneously herewith.

K&E 12298950.

services to over one thousand corporate clients and governmental units. Relocation Services operates under the SIRVA Relocation brand and offers comprehensive relocation and moving services through the Debtors' worldwide operations. Relocation Services provides fully integrated outsourcing of relocation management, reduces real estate market risk, minimizes incidental costs, and optimizes the tax treatment of relocation expenses for its clients and their employees.

6.       A typical Relocation Services transaction occurs where a large, multinational employer/client transfers an employee to a different geographic region. The Debtors facilitate this transfer by, among other things, arranging for the sale of the employee's home. In many cases, the Debtors provide the employee with an advance on the employee's home equity, enabling the employee to purchase a new home in the employee's new location before the employee's existing home is sold. Under certain programs, the Debtors will purchase the employee's existing home based on a third party appraisal if the employee's property is not otherwise sold within a defined time period.

7.       The Debtors provide their Relocation Services through two distinct product offerings: a "traditional" model and a "fixed-fee" model. Under the traditional model, the Debtors provide their Relocation Services, including the purchase of the employee's home, on a cost-plus basis. The Debtors pass through to the employer/client any loss (or gain) on the home sale and all carrying costs incurred before the home is sold. For example, if the Debtors acquire the employee's existing home for $100,000 and then re-sell the home to a third party buyer for $80,000, the Debtors will be reimbursed by the traditional employer/client for the $20,000 loss resulting from the third party sale. Additional services the Debtors may provide include city orientation, school selection, visa and immigration management, and language and cultural

3

training. The Debtors provide these services through a combination of third party contractors and the Debtors' own employees, depending, in part, on the custom for such services in the local market.

8. Under the fixed-fee model, the Debtors provide their Relocation Services for a fixed-fee, set as a percentage of the price paid by the Debtors to acquire the employee's home. The Debtors will then bear all risk and responsibility for costs in the home sale process, including any loss (or gain) on the ultimate sale of the employee's home to a third party. Using the example provided above, a "fixed-fee" employer/client would not reimburse the Debtors for the loss resulting from the third party sale, and the Debtors would incur a $20,000 loss. If the Debtors sold the home for $150,000, the Debtors would retain the $50,000 gain. For the year ended December 31, 2006, the Debtors' fixed-fee product represented approximately 46 percent of the Debtors' total relocations.

9. The Debtors are also a world leader in moving household and other goods directly on behalf of individual customers through their moving services business (collectively, "Moving Services"). Moving Services is divided between (a) Moving Services North America and (b) Moving Services Europe and Asia Pacific.[3] Collectively, Moving Services operates in approximately forty-five countries through a portfolio of trademarked brands, including Allied, northAmerican, and Global in North America; Pickfords, Hoults, and Allied Pickfords in the United Kingdom; and Allied Pickfords in the Asia Pacific region. The Debtors' Allied and northAmerican trademarks, which are fully owned assets of the Debtors, are considered two of the most widely recognized and respected brand names in the moving services industry.

---

[3] The Debtors' foreign affiliates are not debtors in these chapter 11 cases, and the Debtors have not sought to initiate insolvency or similar proceedings with respect to their foreign affiliates in any non-U.S. jurisdiction. However, the Debtors may seek to initiate such foreign proceedings as the facts and circumstances of their reorganization continue to develop.

K&E 12298950.

10.     In the twelve months ended September 30, 2007, the aggregate annual revenues of the Debtors' continuing operations, including their non-Debtor affiliates, exceeded $4.0 billion. Of this amount, approximately 60 percent was attributed to Relocation Services, 31 percent to Moving Services North America, and 9 percent to Moving Services Europe and Asia Pacific. A significant portion of the Debtors' revenue effectively requires the Debtors to incur substantial expenses corresponding to transportation purchased or services provided by the Debtors, thereby reducing the Debtors' operating cash flow. However, the Debtors are, in many cases, able to pass through these costs to their clients as reimbursable expenses. As of January 2008, the Debtors and their non-Debtor affiliates employed approximately 3,200 employees worldwide with 1,760 employees in the United States.

11.     Several factors led to the filing of these chapter 11 cases. By their very nature, the Debtors' businesses are directly impacted by general trends in the residential real estate market. The rapid decline in home sale prices across the United States has increased losses incurred by the Debtors on home sale transactions, including the Debtors' fixed-fee Relocation Services product.[4] Specifically, declining home prices have increased the number of homes the Debtors have been required to purchase and subsequently sell for a loss. Further declines in the residential real estate market may increase the number or magnitude of losses sustained by the Debtors with respect to their fixed-fee home inventory. The increased marketing time necessary to sell these properties also has increased the Debtors' carrying costs on their acquired homes, such as mortgage payments, insurance, taxes, and maintenance.

12.     In addition, the weakening U.S. economy has reduced volumes in the Debtors' Moving Services operations. Individual consumers have either been unable to sell their homes

---

[4]     According to statistics compiled by the National Association of Realtors, sales of existing homes declined 12.8 percent between 2006 and 2007, and declined 8.5 percent between 2005 and 2006. Sales of new homes declined by 26.5 percent between 2006 and 2007 and 18.1 percent between 2005 and 2006. Median sale prices for existing homes declined by 1.9 percent between 2006 and 2007, and median sale prices for new homes declined 2.1 percent in the same period.

K&E 12298950.

(and are thereby prevented from moving) or have postponed a planned sale and relocation as a result of depressed home prices. According to the U.S. Census Bureau, the number of household moves in each of the years 2005, 2006, and 2007 was approximately 6 percent less than the average number of household moves between 1984 and 2002. Difficulties in the residential real estate market may continue through the near term, further increasing the negative trend in Moving Services volumes. The Debtors' corporate customers are also attempting to lower costs by reducing the amount or level of services purchased from the Debtors. The Debtors' highly leveraged balance sheet and significant debt service obligations have exacerbated the Debtors' declining financial results.

13.     On the Petition Date, the Debtors filed with this Court, among other pleadings, the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"), and the Disclosure Statement for the Debtors' Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Disclosure Statement"), along with a motion seeking a hearing for approval of the adequacy of the Disclosure Statement, approval of the Debtors' solicitation procedures, and confirmation of the Plan. The Plan is the product of arduous and productive negotiations between the Debtors and their secured lenders to match the Debtors' capital structure with the Debtors' present operations and prospects, and the Plan has received the overwhelming support of all participants in these negotiations. The Debtors have also developed a five-year business plan to improve their cost structure, mitigate risk, and increase profitability across the Debtors' business units. The de-leveraging contemplated by the Plan will provide the Debtors with the flexibility necessary to maximize the profitability of their present and future business operations. Moreover, the vast majority of the Debtors' remaining creditors will be paid in full, enabling the Debtors to maintain

K&E 12298950.

operational continuity and fully realize the opportunities created by an appropriate capital structure.

**Relief Requested**

14.    By this Motion, the Debtors seek an order establishing certain notice, case management, and administrative procedures, substantially in the form attached hereto as <u>Exhibit B</u> (the "Case Management Procedures"), which include the following:  (a) directing that matters requiring notice under Bankruptcy Rule 2002(a)(2) - (6) will be served only to a shortened mailing list and those creditors who file with the Court a request that they receive such notices pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002-1; (b) allowing electronic service of all documents (except complaints and summonses); and (c) directing that all matters be heard at monthly omnibus hearings to be scheduled in advance by the Court.  The Debtors further request that the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules apply to the Debtors' chapter 11 cases to the extent that they do not conflict with the Case Management Procedures.

**Basis for Relief**

15.    The Debtors have approximately 60,000 potential creditors.  The Debtors anticipate that hundreds of creditors and other parties in interest in these chapter 11 cases may file requests for service of filings pursuant to Bankruptcy Rule 2002 (the "2002 List").[5]  The Debtors also expect that numerous motions and applications will be filed in these chapter 11 cases in pursuit of various forms of relief.  As contemplated by the Case Management Procedures, with the scheduling of regular, monthly omnibus hearings in advance, parties in interest, including the Debtors, will be better able to plan for and schedule attendance at

---

[5]    Bankruptcy Rule 2002(i) provides, in pertinent part: "[T]he court may order that notices . . . be transmitted to the United States trustee and be mailed only to the committees elected under § 705 or appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

hearings. This will reduce the need for emergency hearings and requests for expedited relief and will foster consensual resolution of important matters. Moreover, by directing that certain notices be mailed only to a shortened mailing list and those creditors who file with the Court a request that they receive such notices, all parties in interest will be assured of receiving appropriate notice of matters affecting their interests and ample opportunity to prepare for and respond to such matters. Further, a shortened mailing list will significantly reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors' estates and other parties in interest who file documents in the chapter 11 cases. Similarly, allowing electronic service of documents according to the Case Management Procedures will further reduce the administrative and financial burden on the Debtors' estates, as well as on other serving parties, and will, in many cases, allow for more expedient service of documents. Finally, the Debtors' proposed notice, claims, and balloting agent, Kurtzman Carson Consultants LLC ("KCC"), intends to establish a case website available at **www.kccllc.net/sirva** (the "Case Website"), where, among other things, electronic copies of all pleadings filed in the Debtors' chapter 11 cases shall be posted within three business days of filing and may be viewed free of charge.

16. As noted above, the Case Management Procedures summarized herein are set forth in detail on <u>Exhibit B</u>. The Case Management Procedures will be (a) distributed to the Core Group (as defined in the Case Management Procedures) and the 2002 List with the notice of commencement of the chapter 11 case (to save mailing costs), and (b) available at all times by accessing the Case Website. Moreover, the Debtors will re-distribute the Case Management Procedures to the 2002 List (as defined in the Case Management Procedures) in the event the Case Management Procedures are modified hereafter.

K&E 12298950.

## A.    Notice Procedures

17.    Given the administrative cost of mailing notices to all of the Debtors' creditors and parties in interest in these chapter 11 cases, the Debtors request that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)-(6) be limited in accordance with the Case Management Procedures.

18.    The Case Management Procedures shall not, however, affect the Debtors' obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and the chapter 11 plan, or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

## B.    Electronic Service

19.    The Debtors also request that the Court allow electronic service of documents to further reduce the administrative and financial burden of providing notice to the Debtors' creditors and other parties in interest.  The Case Management Procedures contain provisions that the Debtors believe will ensure that electronic service is efficient and effective.  The Debtors request that the Court implement certain procedures in accordance with this Court's General Order #M-242 (Revised Electronic Filing Electronic Procedures), dated January 19, 2001 ("General Order #M-242"), and Section II(A) of the Revised Administrative Electronic Procedures for Electronically Filed Cases (the "Administrative Procedures").  Further, the Debtors request that the filing deadlines should not require three additional days notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters

indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005) and Bankruptcy Rule 9006(f) when a document is served by electronic mail.

20.     The Debtors further request that, under General Order #M-242 and the Administrative Procedures, each party who files a notice of appearance and a request for service of papers (a "Notice Request") be deemed to have consented to electronic service (in lieu of any other type of notice) of filings and adversary pleadings, in accordance with Section II(B) of the Administrative Procedures, except:  (a) counsel to the Debtors; (b) counsel to any statutory committee(s) appointed by the Office of the United States Trustee (each, a "Committee"); (c) any department or agency of the United States of America, including the Office of the United States Attorney and United States Trustee; and (d) any party who, in its Notice Request, expressly asks to be exempt from electronic service.  No party may send notice to, or communicate with, the Office of the United States Attorney by electronic means.

## C.     Monthly Omnibus Hearings

21.     Given the number of parties in interest and the size and complexity of these chapter 11 cases, the Debtors respectfully request entry of an order scheduling regular, monthly omnibus hearings (the "Omnibus Hearings") in accordance with the Case Management Procedures subject to the Court's schedule.  The Debtors will send notices of the Omnibus Hearings to the Core Group and 2002 List (as defined in the Case Management Procedures) when they are scheduled and post the schedule of Omnibus Hearings on the Case Website.

## D.     Automatic Extension of Certain Periods

22.     The Debtors further request that if a Filing requesting relief to extend the time to take any action is filed by the Debtors prior to expiration of the applicable period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or an order of the

K&E 12298950.

Court, then the time to so act shall automatically and without further order be extended until the Court considers and rules upon the relief requested in the Filing, without the necessity for the entry of an "interim" or "bridge" order extending such period until such time as the Court can consider and rule upon such Filing; provided that such automatic extension shall not prejudice the rights of any person or entity under sections 362, 363 or 365 of the Bankruptcy Code.

**E.      No Initial Case Conference**

23.      Pursuant to Section V.D. of General Order 203 of this Court, the Debtors request that no initial case conference be required in these Chapter 11 Cases in the event that the Plan is confirmed by this Court on or before ninety (90) calendar days after the Petition Date.

**F.      Applicable Authority**

24.      The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules provide the Debtors with authority to establish notice, case management, and administrative procedures.  In particular, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest.  See Fed. R. Bankr. P. 2002(a).  The Bankruptcy Rules further provide that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

25.      In addition, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code either under

specific statutes or under equitable common law principles. Specifically, section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent the abuse or process.

11 U.S.C. § 105(a).

26.     Section 102(1) of the Bankruptcy Code states that where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances. . . ." 11 U.S.C. § 102(1)(A).

27.     As explained above, this case is large, complex, and involves thousands of creditors and parties in interest, many of whom will have multiple concerns. The Debtors expect numerous parties to file notices pursuant to Bankruptcy Rule 2002 and requests for service of the various filings in these cases. The Debtors also expect that they and other parties will file numerous pleadings throughout each month, which would ordinarily result in numerous, fragmented hearings. The costs and burdens associated with multiple hearings per month, plus the costs associated with copying and mailing, overnighting, or otherwise serving paper copies of all filings, will impose economic and administrative burdens on the Debtors' estates, the Court, and all other parties in interest. Moreover, constant mass mailings will require the Debtors and their advisors to divert their limited resources from reorganizing their business. Therefore, the Debtors submit that electronic notice, whenever possible, should be permitted to alleviate this burden.

K&E 12298950.

28.     Further, pursuant to the Administrative Procedures, a registered CM/ECF participant "consents to receive notice and service by electronic means, which shall constitute proper service.  If the recipient of notice or service is a registered participant, service of the 'Notice of Electronic Filing' shall be the equivalent of service of the filing by first class mail, postage prepaid."  CM/ECF Administrative Procedures, ¶ II(B)(4).  Pursuant to the terms of the Case Management Procedures, all parties on the 2002 List and all other parties in interest that may be directly affected by the relief sought in a particular filing will receive notice of such filing directly from the party submitting such documents to the Court well in advance of the applicable Omnibus Hearing.  Further, all parties in these cases who are registered participants in the Court's CM/ECF system will receive a "Notice of Electronic Filing" via electronic mail whenever a filing is effected, which will provide additional notice to such parties.  Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies.  Therefore, no party will be adversely affected by the proposed email service set forth herein.

29.     The Debtors respectfully submit that adopting the Case Management Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtors' estates because of the reduction of time and money the Debtors will have to expend. Pursuant to the Case Management Procedures, all parties in interest that may be directly affected by a request for relief, response, objection, or adversary proceeding filed with the Court will receive notice thereof directly from the entity submitting such documents to the Court well in advance of the relevant hearing.  Thus, no party in interest will be adversely affected.

K&E 12298950.

30.     Courts in this district and other bankruptcy courts in large chapter 11 cases routinely grant similar case management procedures to reduce the expense of case administration. See, e.g., In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. 2005); In re Tower Auto., Inc., Case No. 05-10578 (ALG) (Bankr. S.D.N.Y. 2005); In re Spiegel, Inc., Case No. 03-11540 (CB) (Bankr. S.D.N.Y. 2003); In re WorldCom, Inc., Case No. 02-13533 (AJG), 2002 WL 1732647 (Bankr. S.D.N.Y. July 22, 2002); In re The Warnaco Group, Inc., Case No. 01-41643 (RLB) (Bankr. S.D.N.Y. 2001); In re The Singer Company N.V., Case Nos. 99-10578 through 99-10607 (BRL), 99-10613 (BRL), 99-10616 through 99-10629 (BRL) and 00-10423 (BRL) (Bankr. S.D.N.Y. 1999); see also In re Kmart Corp., Case No. 02-02474 (SPS) (Bankr. N.D. Ill. 2002); In re Comdisco, Inc., Case No. 01-24795 (RB) (Bankr. N.D. Ill. 2001).

31.     The establishment of the Case Management Procedures will promote the efficient and orderly administration of the Debtors' chapter 11 cases.  Indeed, authorizing the Debtors to serve their documents on a limited mailing matrix will ease the administrative and economic burdens on the Court and the Debtors' estates.  Authorizing electronic service in these chapter 11 cases will allow efficient and effective service at a significantly reduced cost to the Debtors' estates and other serving parties.  Early notice to all parties in interest of Omnibus Hearings will enable parties to plan efficiently for the use of hearing time, will avoid the need for numerous hearings within each month, and will lessen the burden on the Court and on the Debtors' estates.  Additionally, parties in interest will still have the opportunity to bring true emergency matters before the Court on an expedited basis pursuant to the Local Bankruptcy Rules and the Case Management Procedures. For the reasons stated herein, the Debtors believe the

Case Management Procedures are appropriate and should be approved and implemented in these chapter 11 cases.

## Memorandum of Law

32.     This Motion includes citations to the applicable authorities and a discussion of their application to this Motion.  Accordingly, the Debtors respectfully submit that such citations and discussion satisfy the requirement that the Debtors submit a separate memorandum of law in support of this Motion pursuant to Rule 9013-1 of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

33.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent for the Debtors' proposed postpetition secured lenders; (d) counsel to the agent for the Debtors' senior secured prepetition lenders; (e) Washington Mutual Bank and Colonial Bank, N.A., lenders to the Debtors' non-debtor affiliate, SIRVA Mortgage, Inc.; (f) counsel to LaSalle Bank, N.A., as agent for the Debtors' receivables purchase program maintained through SIRVA Relocation Credit, LLC, the Debtors' non-debtor affiliate; (g) the Internal Revenue Service; and (h) the Securities and Exchange Commission.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

K&E 12298950.

WHEREFORE, for the reasons set forth herein and in the First Day Affidavit, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) establishing the Case Management Procedures set forth on Exhibit B, and (b) granting such other and further relief as is just and proper.

Dated: February 5, 2008                  */s/ Richard M. Cieri*
New York, New York               Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending*)*
Scott R. Zemnick (*pro hac vice* pending*)*
Jeffrey W. Gettleman (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Proposed Counsel for the Debtors and Debtors in Possession

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-_____(___) |
| DJK Residential LLC, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## ORDER ESTABLISHING CERTAIN NOTICE, CASE
## MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order establishing certain notice, case management, and administrative procedures and the First Day Affidavit; it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, and other parties in interest; the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; consideration of this Motion and the relief requested herein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1.      The Motion is granted as provided herein.

---

[1]     The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2. The notice, case management, and administrative procedures set forth on Exhibit B to the Motion (the "Case Management Procedures") are hereby approved and shall govern all applicable aspects of the Debtors' chapter 11 cases.

3. The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the Southern District of New York shall apply to the Debtors' chapter 11 cases, except to the extent that they conflict with the Case Management Procedures.

4. Nothing herein or in the Case Management Procedures shall affect the Debtors' obligation to give notice to all creditors, parties in interest, and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtors' chapter 11 cases to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on the disclosure statement and the chapter 11 plan, or (f) entry of an order confirming a chapter 11 plan. In addition, the Debtors shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006, and 4007.

5. Kirkland & Ellis LLP is exempted from those portions of section I(B) of the Administrative Procedures for Filing, Signing, Retaining, and Verification of Pleadings and Papers in the Case Management/Electronic Case Filing (CM/ECF) System that limit the distribution of logins and passwords for purposes of filing documents electronically to attorneys admitted to practice before the Court.

6. The Debtors' notice, claims, and balloting agent, Kurtzman Carson Consultants LLC, is authorized to establish a case website available at **www.kccllc.net/sirva**, where, among other things, electronic copies of all pleadings filed in the Debtors' chapter 11 cases shall be posted within three business days of filing and may be viewed free of charge.

K&E 12298950.

7.     If a Filing requesting relief to extend the time to take any action is filed by the Debtors prior to expiration of the applicable period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or an order of the Court, then the time to so act shall automatically and without further order be extended until the Court considers and rules upon the relief requested in the Filing, without the necessity for the entry of an "interim" or "bridge" order extending such period until such time as the Court can consider and rule upon such Filing; provided that such automatic extension shall not prejudice the rights of any person or entity under sections 362, 363 or 365 of the Bankruptcy Code.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date:  **[DATE],** 2008                  _____
New York, New York                          United States Bankruptcy Judge

K&E 12298950.

# EXHIBIT B

Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
Jeffrey W. Gettleman (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Proposed Counsel for the Debtors and Debtors in
Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-_____(___) |
| DJK Residential LLC, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## NOTICE, CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

These notice, case management, and administrative procedures (the "Case Management

Procedures") have been approved by the United States Bankruptcy Court for the Southern

---

[1]     The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

District of New York (the "Court") for the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to the Motion for Entry of an Order Establishing Certain Notice, Case Management, and Administrative Procedures (the "Motion"). On **[DATE]**, the Court entered an order (the "Order") approving these Notice, Case Management, and Administrative Procedures (the "Case Management Procedures").

The Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules for the Southern District of New York shall govern all matters in the Debtors' chapter 11 cases, except to the extent such rules conflict with or are inconsistent with the procedures set forth herein.

## A. Document Requests and Access to Documents

1.      The Debtors' notice, claims, and balloting agent, Kurtzman Carson Consultants LLC ("KCC"), maintains a case-specific website at **www.kccllc.net/sirva** (the "Case Website"), where, among other things, electronic copies of all pleadings filed in the Debtors' chapter 11 cases shall be posted within three business days of filing and may be viewed free of charge. Additionally, electronic copies of all pleadings and documents are available for a fee via PACER on the Court's website at www.nysb.uscourts.gov.  Finally, paper copies of all pleadings filed in the Debtors' chapter 11 cases may be available from the Court.

## B. Master Service List and Electronic Mail Service

1.      <u>Procedures Established for Notices</u>.  All notices, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief"), and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Rule 2002 Court Filings") shall

be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein (the "Notice Procedures").

2.    <u>Definition of Entities Entitled to Service</u>.  All Rule 2002 Court Filings shall be served on the Core Group, the 2002 List, and the Affected Entities (each as defined herein and collectively, the "Service List") according to the notice procedures described herein.   A Rule 2002 Court Filing is deemed not to have been properly served until served, at a minimum, on all of the parties in the Core Group.

a.    <u>Core Group</u> - The following entities shall comprise the core group of entities in the Debtors' chapter 11 cases (collectively, the "Core Group"): (i) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (ii) counsel for the Debtors, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601-6636, Attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick; (iii) bankruptcy counsel for any committee appointed pursuant to section 1102 of the Bankruptcy Code;[2] (iv) counsel to the agent for the Debtors' postpetition secured lenders; and (v) counsel to the agent for the Debtors' senior secured prepetition lenders.  An updated Core Group list can be obtained on the Case Website.

b.    <u>2002 List</u> - This group shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002.   An updated 2002 List can be obtained on the Case Website.

i.    <u>Filing Requests for Documents Requires Email Address</u> - A request for service of papers pursuant to Bankruptcy Rule 2002 (each, a "2002 Notice Request") filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) electronic mail (or email) address.

ii.    <u>Certification Opting Out of Email Service</u> - Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "Certification").  The Certification shall include a statement certifying that the individual or entity

---

[2]    Prior to the appointment of any official committee of unsecured creditors and its counsel, service shall be made upon the holders of the Debtors' 30 largest unsecured claims filed pursuant to Bankruptcy Rule 1007(d).

(a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

iii.    2002 Notice List - The Debtors or the Debtors' notice, claims and balloting agent, KCC, shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "2002 List"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person and serve a copy of such request upon the Debtors.

iv.    Affected Entities - This group shall be comprised of all entities with a particularized interest in the subject matter of the particular court filing (each, an "Affected Entity").

3.    At least every fifteen days during the first 60 days of the Debtors' chapter 11 cases, and thereafter at least every 30 days, the Debtors' counsel shall maintain and update the 2002 List by: (a) making any additions and deletions; (b) filing the updated 2002 List; (c) serving the updated 2002 List on the parties listed thereon; (d) filing a proof of service; and (e) simultaneously with the filing of the 2002 List, posting an updated version of the 2002 List on the Case Website.

4.    Service of Motions. With respect to filings for which particular notices are required to be served on all creditors and parties in interest, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, or 9019, parties shall serve all such filings only on the Service List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

a.    in the case of the use, sale, lease, or abandonment of property, on each entity asserting an interest in that property;

b.    in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

c.    in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or

other interest in property upon which a lien or encumbrance is proposed to be granted;

d.    in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

f.    any objection, opposition, response, reply, or further document filed directly in response to a document shall be served on the entity who filed such document; and

g.    all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

5.    Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code).

b.    Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale, or lease concerns all or substantially all of the Debtors' assets);

c.    Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.    Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.    Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.    Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

g.    Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

K&E 12298950.

h.    Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.    Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.    Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.    Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.    Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.    Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.    Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

6.    <u>Notice a Matter for Hearing: Objection and Reply Deadlines</u>.    Parties should consult Local Bankruptcy Rule 2002-2 regarding the form and content of notices and visit www.nysb.uscourts.gov for sample notices.

7.    <u>Certificates of Service</u>.    Notwithstanding Local Bankruptcy Rule 9078-1 certificates of service of all Rule 2002 Court Filings, including a Service List, shall be filed with the Court; <u>provided</u>, <u>however</u>, that parties shall not be required to include the Service List when serving the certificate of service to such recipients.

8.    <u>Serving Adversary Proceedings</u>.    All pleadings and other Court filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon the Core Group, each Affected Entity, and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

C.    **Service by Electronic Mail**

1.    <u>Service by Electronic Mail</u>.    All Rule 2002 Court Filings shall be electronically served on the Court's Electronic Filing System, other than service of a summons and complaint

K&E 12298950.

in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed a notice of appearance and a request for service of papers shall be deemed to have consented to electronic service of papers, in accordance with section II(b)(2) of the Revised Electronic Filing Procedures in the Electronic Filing System (Exhibit 1 to General Order No. M-242) (the "Administrative Procedures").

2.      If a 2002 Notice Request fails to include an email address and a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the 2002 List and shall not be served with copies of pleadings and documents filed in these cases unless such pleadings and/or documents directly affect such party.

3.      The filing deadlines do not require three additional days notice as set forth in Rule 6(e) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005), and Bankruptcy Rule 9006(f) when a document is served by electronic mail, including service, via the Court's Electronic Filing System.

4.      <u>Identification of Attorney</u>.  As set forth in Local Bankruptcy Rule 5005-1, on the first page of every Rule 2002 Court Filing, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number, and the name of the party whom the attorney represents.

**D.      Omnibus Hearing Dates**

1.      <u>All Matters to Be Heard</u>.  Periodic omnibus hearings will occur as may be scheduled by the Court (the "Omnibus Hearings").  Periodically, the Debtors shall request that

future Omnibus Hearings be scheduled. All future Omnibus Hearings scheduled by the Court shall be posted on the Debtors' Case Website. Entities may contact KCC, the Debtors' notice, claims, and balloting agent, at **[TO COME]** or the Clerk of the Court at United States Bankruptcy Court, One Bowling Green, **[ROOM #]**, New York, NY 10004 or www.nysb.uscourts.gov for information concerning future Omnibus Hearings that have been scheduled by the Court.

2.    All matters requiring a hearing in these cases shall be set for and be heard on an Omnibus Hearing unless otherwise ordered by the Court for good cause shown. All Requests for Relief and Objections thereto and all other matters will be considered or heard only at Omnibus Hearings, unless the Court orders otherwise, in accordance with the following:

a.    In the event that a party files a Request for Relief on or before twenty (20) calendar days prior to the next regularly scheduled Omnibus Hearing (or is scheduled for such Omnibus Hearing based on Paragraph 2.c below), the matter shall be set for hearing on the next regularly scheduled Omnibus Hearing and the objection deadline shall be five (5) business days prior to the Omnibus Hearing; provided, however, the Debtors may propose to interested parties to schedule matters on a date other than the next applicable Omnibus Hearing if the Debtors in good faith believe that the hearing on a particular matter may exceed one (1) hour.

b.    In the event that a party files a Request for Relief at least ten (10) calendar days, but less than twenty (20) calendar days, prior to the next regularly scheduled Omnibus Hearing (or is scheduled for such Omnibus Hearing based on Paragraph 2.c below), the matter shall be set for hearing on the next regularly scheduled Omnibus Hearing and the objection deadline shall be two (2) business days prior to the Omnibus Hearing, with any replies thereto due no later than the start of the omnibus hearing at which the matter will be heard; provided, however, the Debtors may propose to interested parties to schedule matters on a date other than the next applicable Omnibus Hearing if the Debtors in good faith believe that the hearing on a particular matter may exceed one (1) hour.

c.    In the event that a party files a Request for Relief fewer than ten (10) calendar days prior to the next regularly scheduled Omnibus Hearing and an expedited hearing is not otherwise granted by the Court, the matter shall be scheduled for the next regularly scheduled Omnibus Hearing that is more than ten (10) calendar days from the date of the filing of the

8

motion or application; provided, however, the Debtors may propose to interested parties to schedule matters on a date other than the next applicable Omnibus Hearing if the Debtors in good faith believe that the hearing on a particular matter may exceed one (1) hour.

3.    <u>Procedures Regarding the Omnibus Hearings</u>.    The following procedures will

apply unless the Court orders otherwise:

a.    Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

b.    Any notice of an Omnibus Hearing shall conspicuously contain, on the first page of such notice, the date and time that the hearing will be held in the event that an objection is filed in accordance with the applicable rules.

c.    Deadlines for responding to a Request for Relief shall be governed by the Local Bankruptcy Rules, provided that service is made so that any such responsive pleading is received by 5:00 p.m. prevailing Eastern Time on the due date.  A reply to any responsive pleading may be filed at any hour of the day due if due at least one day before the hearing.

d.    If any party violates the Notice Procedures detailed herein by, among other things, setting a hearing for a date and time other than an Omnibus Hearing without an order from the Court, or setting a hearing on the next regularly scheduled Omnibus Hearing without adequate notice, the Debtors shall forward a copy of the Court's order approving these procedures to such party within five (5) business days after such filing.  If the notice is corrected at least ten (10) calendar days prior to the next regularly scheduled Omnibus Hearing, then the hearing will be scheduled on the next Omnibus Hearing.  If the notice is corrected less than twenty (20) calendar days prior to the next regularly scheduled Omnibus Hearing, then the hearing with respect to such filing will be scheduled on the next regularly scheduled Omnibus Hearing that is more than twenty (20) calendar days from the date of the filing of the corrected notice.

e.    Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

f.    If a party intends to present an order at the Omnibus Hearing different from the order attached to the motion, the Debtors' counsel, to the extent

K&E 12298950.

known, shall state on the hearing agenda above that a different order will
be presented for entry.

g.  Upon request, the Court may allow counsel to participate in any hearing
by telephone.

4.  <u>Proposed Omnibus Hearing Agenda</u>.  The Debtors' shall prepare Omnibus
Hearing agendas in accordance with the following:

a.  Two (2) business days prior to each Omnibus Hearing, the Debtors'
counsel shall file a proposed agenda with regard to the matters that are
scheduled to be heard on such Omnibus Hearing (the "Proposed Hearing
Agenda").  The Proposed Hearing Agenda is for the convenience of the
Court and counsel and is not determinative of the matters to be heard on
that day or whether there will be a settlement or a continuance.

b.  The Proposed Hearing Agenda will include, to the extent known by the
Debtors' counsel: (i) the docket number and title of each matter to be
scheduled for hearing on such Omnibus Hearing, including the initial
filing and any responses, replies, or documents related thereto; (ii) whether
the matters are contested or uncontested; (iii) whether the matters have
settled or are proposed to be continued; (iv) other comments that will
assist the Court; and (v) a suggestion for the order in which the matters
should be addressed.

5.  <u>Granting the Request for Relief Without a Hearing</u>.  Provided that the notice filed

with the Request for Relief includes a statement that the Request for Relief may be granted and

an order entered without a hearing unless a timely objection (each, an "Objection") is made, after

the objection deadline had passed and no Objection has been filed or served in accordance with

the procedures set forth herein, counsel to the entity who has filed the Request for Relief may file

a certification indicating that no Objection has been filed or served on the entity who has filed

the Request for Relief (the "Certificate of No Objection").

**E.  Foreign Attorneys**

1.  All attorneys shall carefully review the Local Bankruptcy Rules regarding the

procedure for appearing and practicing before the Court, available on the Court's website at

www.nysb.uscourts.gov.

K&E 12298950.

2.      Pursuant to Local Bankruptcy Rule 2090-1, attorneys from other states and the District of Columbia (each, a "Foreign Attorney") may appear and practice in these chapter 11 cases upon the motion of a member of the bar of the Court; provided, however, that in all appearances, a Foreign Attorney must be accompanied by a member of the bar of the Court. Moreover, the Southern District of New York allows Foreign Attorneys to register to become limited participants on Electronic Filing System by following the procedures set forth in the Administrative Procedures.

**F.      Motions for Relief from the Automatic Stay**

1.      The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtors.  Notwithstanding section 362(e) of the Bankruptcy Code, by setting a hearing on a motion for relief from the automatic stay on an Omnibus Hearing, a party shall be deemed to have consented to the automatic stay remaining in full force and effect until the conclusion of the preliminary hearing.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

**G.      Evidentiary Hearings**

1.      Pursuant to Bankruptcy Rule 9014 and in compliance with Local Bankruptcy 9014-1, in the event that a timely Objection is made to a Request for Relief (each, a "Contested Matter"), the hearing on such Contested Matter shall be an evidentiary hearing at which witnesses may testify, unless the parties otherwise agree that any such hearing shall not be an evidentiary hearing, in which case, to the extent known by the Debtors' counsel, the Proposed Hearing Agenda shall state as such.

K&E 12298950.

2.     Any party who intends to introduce evidence or witnesses with respect to a matter that is the subject of a timely filed and properly served Objection shall identify with reasonable particularity its proposed evidentiary exhibits and witnesses in a written disclosure (each, a "Disclosure"), which Disclosures shall be served only on the adverse party in accordance with the following:

    a.     With respect to the party that files a timely Objection, such Disclosures shall be made the same date as the filing of the timely Objection. Unless otherwise directed by the Court, such Disclosures shall not be filed with the Court.

    b.     Any party who filed a Request for Relief that is subject to an Objection shall serve its Disclosure on the adverse party and any party that intends to introduce evidence or witnesses with respect to a Request for Relief that is not subject to an Objection, or any other party in interest who intends to present evidence at an Omnibus Hearing, shall serve its Disclosure on the Debtors as follows: (i) with respect to a filing that is served at least twenty (20) calendar days prior to the next regularly scheduled Omnibus Hearing, at least three (3) business days prior to the Omnibus Hearing on which the Request for Relief will be heard; and (ii) with respect to a filing that is served at least ten (10) calendar days, but less than twenty (20) calendar days, prior to the next regularly scheduled Omnibus Hearing, at least one (1) business day prior to the Omnibus Hearing on which the Request for Relief will be heard.

    c.     After consultation with each party who made a Disclosure, the Proposed Hearing Agenda will indicate whether the matter shall be heard on the next regularly scheduled Omnibus Hearing or at a subsequently scheduled non-Omnibus Hearing to be set by the Court. Additionally, on the Proposed Hearing Agenda, to the extent known by the Debtors' counsel, such agenda will describe the status of evidentiary hearings with respect to Contested Matters.

3.     Upon reasonable request, the parties subject to the Contested Matter shall provide copies of all proposed evidentiary exhibits and make all witnesses available for deposition at the expense of the requesting party and within a time period to reasonably facilitate conducting the evidentiary hearing as scheduled.

K&E 12298950.

4.     Parties shall comply with the Court's Instructions for Preparing Exhibit List, Pre-marking Exhibits, available at www.nysb.uscourts.gov.

5.     Any party subject to a Contested Matter who fails to identify its evidentiary exhibits or witnesses as provided herein may be precluded, at the Court's discretion, from presenting such evidentiary exhibits or witnesses at the hearing on the matter.

6.     Nothing contained herein shall preclude any party from presenting proffers in connection with uncontested matters or agreeing with an opposing party to present proffers in any Contested Matter or otherwise stipulating certain facts or documents into evidence.

K&E 12298950.