Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending)
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
Jeffrey Gettleman (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Proposed Counsel for the Debtors and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-_____(___) |
| DJK Residential LLC, et al.,[1] | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

---

[1]  The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER (A) SCHEDULING A COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PREPACKAGED PLAN OF REORGANIZATION, (B) APPROVING PROCEDURES FOR FILING OBJECTIONS THERETO, (C) APPROVING THE FORM AND MANNER OF NOTICE OF THE COMBINED HEARING, AND (D) GRANTING RELATED RELIEF**

The above-captioned debtors (collectively, the "Debtors") hereby move the Court, pursuant to this motion (the "Motion"), for the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u> (the "Order"), (a) scheduling a combined hearing (the "Combined Hearing") on the adequacy of the disclosure statement and confirmation of the prepackaged plan of reorganization, (b) approving procedures for filing objections thereto, (c) approving the form and manner of notice of the Combined Hearing, and (d) granting related relief. In support of this Motion, the Debtors respectfully state as follows:[2]

## <u>Jurisdiction</u>

1.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　The statutory bases for the relief requested herein are sections 105, 341, 1126(b), and 1128 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), General Order 203, <u>Prepackaged Chapter 11 Case Guidelines</u> (Bankr. S.D.N.Y. Feb. 24, 1999) (amending General Order 201) ("General Order 203"), and Rule 3018-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").

---

[2]　The facts and circumstances supporting this Motion are set forth in the Affidavit of Douglas V. Gathany, Senior Vice President and Treasurer of DJK Residential LLC in Support of First Day Motions (the "First Day Affidavit"), filed contemporaneously herewith.

K&E 12371705.

**<u>Background</u>**

4.     On the date hereof (the "Petition Date"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.  Concurrently with the filing of this Motion, the Debtors have sought procedural consolidation and joint administration of these chapter 11 cases.

5.     The Debtors are a leading provider of relocation and moving services to corporations, government agencies, and individual customers around the world.  The Debtors' relocation services businesses (collectively, "Relocation Services") provide employee relocation services to over one thousand corporate clients and governmental units.  Relocation Services operates under the SIRVA Relocation brand and offers comprehensive relocation and moving services through the Debtors' worldwide operations.  Relocation Services provides fully integrated outsourcing of relocation management, reduces real estate market risk, minimizes incidental costs, and optimizes the tax treatment of relocation expenses for its clients and their employees.

6.     A typical Relocation Services transaction occurs where a large, multinational employer/client transfers an employee to a different geographic region.  The Debtors facilitate this transfer by, among other things, arranging for the sale of the employee's home.  In many cases, the Debtors provide the employee with an advance on the employee's home equity, enabling the employee to purchase a new home in the employee's new location before the employee's existing home is sold.  Under certain programs, the Debtors will purchase the

K&E 12371705.

employee's existing home based on a third party appraisal if the employee's property is not otherwise sold within a defined time period.

7.     The Debtors provide their Relocation Services through two distinct product offerings: a "traditional" model and a "fixed-fee" model.  Under the traditional model, the Debtors provide their Relocation Services, including the purchase of the employee's home, on a cost-plus basis.  The Debtors pass through to the employer/client any loss (or gain) on the home sale and all carrying costs incurred before the home is sold.  For example, if the Debtors acquire the employee's existing home for $100,000 and then re-sell the home to a third party buyer for $80,000, the Debtors will be reimbursed by the traditional employer/client for the $20,000 loss resulting from the third party sale.  Additional services the Debtors may provide include city orientation, school selection, visa and immigration management, and language and cultural training.  The Debtors provide these services through a combination of third party contractors and the Debtors' own employees, depending, in part, on the custom for such services in the local market.

8.     Under the fixed-fee model, the Debtors provide their Relocation Services for a fixed-fee, set as a percentage of the price paid by the Debtors to acquire the employee's home.  The Debtors will then bear all risk and responsibility for costs in the home sale process, including any loss (or gain) on the ultimate sale of the employee's home to a third party.  Using the example provided above, a "fixed-fee" employer/client would not reimburse the Debtors for the loss resulting from the third party sale, and the Debtors would incur a $20,000 loss.  If the Debtors sold the home for $150,000, the Debtors would retain the $50,000 gain.  For the year ended December 31, 2006, the Debtors' fixed-fee product represented approximately 46 percent of the Debtors' total relocations.

9.     The Debtors are also a world leader in moving household and other goods directly on behalf of individual customers through their moving services business (collectively, "Moving Services").  Moving Services is divided between (a) Moving Services North America and (b) Moving Services Europe and Asia Pacific.[3]  Collectively, Moving Services operates in approximately forty-five countries through a portfolio of trademarked brands, including Allied, northAmerican, and Global in North America; Pickfords, Hoults, and Allied Pickfords in the United Kingdom; and Allied Pickfords in the Asia Pacific region.  The Debtors' Allied and northAmerican trademarks, which are fully owned assets of the Debtors, are considered two of the most widely recognized and respected brand names in the moving services industry.

10.     In the twelve months ended September 30, 2007, the aggregate annual revenues of the Debtors' continuing operations, including their non-Debtor affiliates, exceeded $4.0 billion. Of this amount, approximately 60 percent was attributed to Relocation Services, 31 percent to Moving Services North America, and 9 percent to Moving Services Europe and Asia Pacific.  A significant portion of the Debtors' revenue effectively requires the Debtors to incur substantial expenses corresponding to transportation purchased or services provided by the Debtors, thereby reducing the Debtors' operating cash flow.  However, the Debtors are, in many cases, able to pass through these costs to their clients as reimbursable expenses.  As of January 2008, the Debtors and their non-Debtor affiliates employed approximately 3,200 employees worldwide with 1,760 employees in the United States.

11.     Several factors led to the filing of these chapter 11 cases.  By their very nature, the Debtors' businesses are directly impacted by general trends in the residential real estate market.  The rapid decline in home sale prices across the United States has increased losses

---

[3]     The Debtors' foreign affiliates are not debtors in these chapter 11 cases, and the Debtors have not sought to initiate insolvency or similar proceedings with respect to their foreign affiliates in any non-U.S. jurisdiction.  However, the Debtors may seek to initiate such foreign proceedings as the facts and circumstances of their reorganization continue to develop.

K&E 12371705.

incurred by the Debtors on home sale transactions, including the Debtors' fixed-fee Relocation Services product.[4] Specifically, declining home prices have increased the number of homes the Debtors have been required to purchase and subsequently sell for a loss. Further declines in the residential real estate market may increase the number or magnitude of losses sustained by the Debtors with respect to their fixed-fee home inventory. The increased marketing time necessary to sell these properties also has increased the Debtors' carrying costs on their acquired homes, such as mortgage payments, insurance, taxes, and maintenance.

12.     In addition, the weakening U.S. economy has reduced volumes in the Debtors' Moving Services operations. Individual consumers have either been unable to sell their homes (and are thereby prevented from moving) or have postponed a planned sale and relocation as a result of depressed home prices. According to the U.S. Census Bureau, the number of household moves in each of the years 2005, 2006, and 2007 was approximately 6 percent less than the average number of household moves between 1984 and 2002. Difficulties in the residential real estate market may continue through the near term, further increasing the negative trend in Moving Services volumes. The Debtors' corporate customers are also attempting to lower costs by reducing the amount or level of services purchased from the Debtors. The Debtors' highly leveraged balance sheet and significant debt service obligations have exacerbated the Debtors' declining financial results.

13.     On the Petition Date, the Debtors filed with this Court, among other pleadings, the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Plan"), and the Disclosure Statement for the Debtors' Joint Plan of

---

[4]     According to statistics compiled by the National Association of Realtors, sales of existing homes declined 12.8 percent between 2006 and 2007, and declined 8.5 percent between 2005 and 2006. Sales of new homes declined by 26.5 percent between 2006 and 2007 and 18.1 percent between 2005 and 2006. Median sale prices for existing homes declined by 1.9 percent between 2006 and 2007, and median sale prices for new homes declined 2.1 percent in the same period.

K&E 12371705.

Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code (the "Disclosure Statement"), along with a motion seeking a hearing for approval of the adequacy of the Disclosure Statement, approval of the Debtors' solicitation procedures, and confirmation of the Plan. The Plan is the product of arduous and productive negotiations between the Debtors and their secured lenders to match the Debtors' capital structure with the Debtors' present operations and prospects, and the Plan has received the overwhelming support of all participants in these negotiations. The Debtors have also developed a five-year business plan to improve their cost structure, mitigate risk, and increase profitability across the Debtors' business units. The de-leveraging contemplated by the Plan will provide the Debtors with the flexibility necessary to maximize the profitability of their present and future business operations. Moreover, the vast majority of the Debtors' remaining creditors will be paid in full, enabling the Debtors to maintain operational continuity and fully realize the opportunities created by an appropriate capital structure.

## The Plan

14.     The Debtors have determined that prolonged chapter 11 cases would severely impair their ongoing business operations and threaten their viability as a going concern. Accordingly, the Debtors have determined to seek their restructuring through these prepackaged chapter 11 cases with the support of the vast majority—in value and number—of their prepetition creditors. The Plan, if consummated, will achieve a consensual de-leveraging of the Debtors' balance sheet and permit the Debtors to become a private company upon emergence from chapter 11. The Plan includes, among other things, the following terms: [5]

---

[5] Terms used but not defined herein shall have the meanings defined in the Plan or the Disclosure Statement. In the event of a conflict between the definitions used herein and the Plan or Disclosure Statement, the terms of the Plan or Disclosure Statement shall control as applicable.

K&E 12371705.

- <u>New Credit Facility</u>: The Debtors' proposed debtor-in-possession credit facility (the "DIP Facility") will convert into the Debtors' new credit facility. Up to 25 percent of common stock in the reorganized Debtors will be made available to the DIP Facility Lenders upon conversion into the new credit facility. Any portion of the new common stock not so used will be distributed on a pro rata basis to holders of Class 1 Claims. A portion of the Debtors' prepetition credit facility would also be reinstated as the reorganized Debtors' second lien credit facility (the "Second Lien Credit Facility").

- <u>Class 1 Claims</u>. Holders of Class 1 Claims will receive a pro rata share of the reorganized Debtors' Second Lien Credit Facility and will receive a pro rata share of not less than 75 percent of new common stock in the reorganized Debtors.

- <u>Trade Creditors and Customers</u>. The Debtors expect to continue normal operations during their chapter 11 cases. The Plan contemplates payment in full of claims held by trade creditors and uninterrupted performance of agreements with customers in accordance with existing business terms. The Debtors have sought authority from the Court, by motion filed contemporaneously herewith, to continue making such payments in their ordinary course of business during the pendency of their chapter 11 cases.

- <u>Existing Equity</u>. All existing equity in SIRVA, Inc. would be cancelled for no consideration.

15. Prior to the Petition Date, the Debtors solicited approval of the Plan as authorized by section 1126(b) of the Bankruptcy Code. The Debtors prepared the Disclosure Statement describing, among other things, the proposed reorganization and its effects on holders of claims against and interests in the Debtors. On or about January 28, 2008, the Debtors caused a copy of the Disclosure Statement, the Plan, and the appropriate ballots (the "Ballots") to be delivered via electronic mail, courier delivery, and overnight mail to each creditor entitled to vote on the Plan (the "Solicitation Package").

16. Under the Plan, only holders of Prepetition Facility Claims (Class 1), General Unsecured Claims (Class 5), and holders of Equity Interests (Class 7) are impaired as that term is used by section 1124 of the Bankruptcy Code. The Plan provides no distributions to Class 5 and Class 7 claimants, and, therefore, these claimants will be deemed to reject the Plan. <u>See</u> 11 U.S.C. § 1126(g). All other classes of creditors (Classes 2, 3, 4, 6, and 8) are unimpaired under

K&E 12371705.

the Plan and are, therefore, deemed to accept the Plan. <u>See</u> 11 U.S.C. § 1126(f). As a result, the Debtors solicited acceptances and rejections of the Plan only from holders of Class 1 Claims. The Debtors established February 1, 2008 at 5:00 p.m. (prevailing Eastern Time), as the deadline for the receipt of votes to accept or reject the Plan.

17. The Debtors believe that the expedited solicitation period was appropriate under the circumstances of these chapter 11 cases. At the time solicitation commenced, the Plan had been developed in large part through substantial and productive negotiations between the Debtors and the steering committee for the Debtors' senior secured prepetition lenders on behalf of the holders of Class 1 Prepetition Facility Claims. As a result, the holders of the majority of the aggregate amount of Class 1 Prepetition Facility Claims had significant familiarity with, and the opportunity to provide input on, the Plan's material terms prior to receipt of the Solicitation Package. A longer solicitation period would have delayed unnecessarily the balance sheet restructuring to be implemented through the Debtors' prepackaged reorganization, placed undue strain on the Debtors' liquidity, and prolonged uncertainty among the Debtors' employees, customers, and suppliers as to the Debtors' ability to adequately address their pressing issues.

18. The Debtors' solicitation was an overwhelming success. Over 96 percent in amount and 94 percent in number of the Class 1 Claims, the only class authorized by the Bankruptcy Code to vote on the Plan, accepted the Plan. Contemporaneously herewith, the Debtors have filed the affidavit of Alison M. Tearnen of Kurtzman Carson Consultants LLC, the Debtors' solicitation agent (the "Solicitation Agent"), certifying the results of votes on the Plan and the manner in which such votes were tabulated. As noted above, Classes 5 and 7 are impaired and deemed to reject the Plan. With respect to such classes, the Debtors will request that the Plan be confirmed pursuant to section 1129(b) of the Bankruptcy Code.

K&E 12371705.

**Relief Requested**

19.     By this Motion, the Debtors request that the Court (a) schedule a date for the Combined Hearing, (b) set a deadline and establish procedures for objections to the Disclosure Statement and the Plan, (c) approve the form and manner of the notice of the Combined Hearing, and (d) grant related relief.

**Basis for Relief**

**A.      Scheduling the Combined Hearing**

20.     Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 25 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Additionally, section X.D. of General Order 203 provides that notice of a hearing on the adequacy of disclosure and plan confirmation must be mailed at least twenty days prior to the hearing unless such period is otherwise shortened by the Court.

21.     The Debtors' respectfully request that the Court set a date for the Combined Hearing on the earliest date that is convenient to the Court that is approximately 45 days after the Petition Date. The holders of Class 1 Claims are the only impaired creditors voting under the Plan. Votes received and tabulated to date demonstrate overwhelming acceptance of the Plan. Because the Plan was accepted by the holders of Class 1 Prepetition Facility Claims, the Debtors respectfully submit there is no reason to delay consideration of the Disclosure Statement and the Plan. The most sensitive and complex task required to effectuate a successful reorganization—

the negotiation of consensual agreements with critical creditor constituencies—has already been accomplished in advance of the Petition Date, and the Debtors believe the circumstances weigh in favor of scheduling the Combined Hearing as provided herein.

**B.      Deadline and Procedures for Objections to the Disclosure Statement and the Plan**

22.      Bankruptcy Rule 3020(b)(1) authorizes the Court to fix a time for filing objections to the Plan. Bankruptcy Rule 3017(a) authorizes the Court to fix a time for filing objections to the adequacy of the Disclosure Statement. Bankruptcy Rule 2002(b) requires at least 25 days' notice be given by mail to all creditors of the time fixed for filing objections to approval of the Disclosure Statement and confirmation of the Plan.

23.      The Debtors thus propose that this Court set a date that is at least 11 calendar days prior to the Combined Hearing as the last date to file objections to approval of the Disclosure Statement or confirmation of the Plan (the "Objection Deadline"). This date will give creditors and equity interest holders more than 25 days' notice to object to the Disclosure Statement and confirmation of the Plan (though the majority of creditors will be unimpaired), while still affording the Debtors time to file a responsive brief and, if possible, resolve any objections received. The Debtors propose to submit their own brief in support of the Disclosure Statement and their response to objections—if any—no later than four days before the Combined Hearing.

24.      The Debtors further propose that this Court direct that objections to the adequacy of the Disclosure Statement or to confirmation of the Plan, if any, must be:

(a)      in writing;

(b)      comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules or orders of the Court;

(c)      set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against the Debtors' estates or property of the Debtors;

(d)     state with particularity the legal and factual basis for such objection; and

(e)     be filed by the Objection Deadline with the Clerk of this Court together with proof of service thereof, and served upon: (i) counsel for the Debtors; (ii) counsel for the steering committee for the Debtors' senior secured prepetition lenders; (iii) the United States Trustee; and (iv) those parties who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases.

**C.     Form and Manner of Notice of the Combined Hearing**

25.     Within 4 days following the entry of the Order and pursuant to Bankruptcy Rule 2002, the Debtors propose to send or cause to be sent by first class mail a notice of commencement of these chapter 11 cases and other important deadlines, substantially in the forms attached hereto as Exhibits B-1, B-2, B-3, and B-4 (each, a "Hearing Notice"), indicating the commencement of these chapter 11 cases, the date, time, and place of the Combined Hearing, the Objection Deadline, and the procedures for filing objections to the Disclosure Statement and confirmation of the Plan.   The Hearing Notice will be served to the following entities: (a) creditors holding the thirty largest unsecured claims against the Debtors or their counsel, if known; (b) holders of claims or interests in Classes 1, 5, and 7; (c) the Debtors' entire creditor matrix, except insofar as such claims are unimpaired and arise from an individual's capacity as a customer of the Debtors (the "Individual Customers"); (d) the United States Trustee; (e) any entity that has filed a notice of appearance under Bankruptcy Rule 2002; and (f) the United States in accordance with Bankruptcy Rule 2002(j).  See General Order 203 § X.C.1.  Moreover, each Hearing Notice will identify the treatment of the recipient pursuant to the Plan.

26.     The form and content of each Hearing Notice is substantially in the form of Exhibit D provided by General Order 203.  Specifically, the Hearing Notice identifies the date, time, and place of the Combined Hearing and the manner for filing Objections, sets forth a chart summarizing plan distributions, and identifies the manner in which the Disclosure Statement and

K&E 12371705.

Plan can be obtained.  See General Order 203 § X.B.1.  The Debtors believe that service of the Hearing Notice in this manner will provide sufficient notice of the Combined Hearing and all applicable objection deadlines and requirements.

27.     The Debtors respectfully submit that notice by publication is sufficient notice of the Combined Hearing for the Debtors' Individual Customers.  The Debtors' records indicate that the Debtors have provided their Moving and Relocation Services to approximately 740,000 Individual Customers over the last three years.  Hence, the costs associated with providing each of the Individual Customers notice of the Combined Hearing would be a significant burden on the Debtors' estates given the expedited nature of their prepackaged reorganization.  The Debtors respectfully submit that individualized notice to the Individual Customers is also unnecessary under the facts of these chapter 11 cases.  Pursuant to the Plan, each of these Individual Customers' claims, if any, are unimpaired.  Indeed, the Debtors have, contemporaneously herewith, filed numerous motions seeking authority to continue to honor their customer obligations in the ordinary course of business.[6]   Individual notice of the Combined Hearing would simply be a cause of unnecessary worry for the Individual Customers.  Such unwarranted anxiety could potentially destabilize the Debtors' customer base precisely when the Debtors' reorganization depends on the seamless transition of their operations through chapter 11.  See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 316 (1950) (observing that publication notice is a "customary substitute" where service is not otherwise practicable).

28.     The Bankruptcy Rules provide the Debtors with authority to provide the Individual Customers with publication notice of the Combined Hearing and the commencement

---

[6]   See, e.g., Motion of the Debtors for an Order Authorizing the Payment of Prepetition Unimpaired Claims in the Ordinary Course of Business and Motion of the Debtors for Entry of an Order Authorizing But Not Directing the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Certain Customers and Programs and Practices in the Ordinary Course of Business, each filed contemporaneously herewith.

of these chapter 11 cases. Bankruptcy Rule 2002(m) provides that the Court "may enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except otherwise provided by these Rules." Bankruptcy Rule 2002(*l*) permits the Court to "order notice by publication if it finds notice by mail is impracticable or that it is desirable to supplement the notice." The Debtors request that the Court authorize the Debtors to provide notice of the Combined Hearing by causing a copy of the Hearing Notice (modified as to format if necessary for publication) to be published once in the national editions of the Wall Street Journal, the Chicago Tribune, and the New York Times within 10 days of the entry of the Order.

29. Under the circumstances of these prepackaged chapter 11 cases, the Debtors submit that the notice provided herein is sufficient notice for the Individual Customers. See id. at 314–15 ("[I]f with due regard for the practicalities and peculiarities of the case [the requirements of notice] are reasonably met, the constitutional requirements are satisfied."). As noted above, no Individual Customer will be prejudiced by their service by publication. The Individual Customers have no interest or claim that will be modified, impaired, or reduced by the proposed Plan. To the extent individuals have claims that are impaired by the Plan, the Debtors will specifically provide additional notice as otherwise required by the Bankruptcy Code and the Bankruptcy Rules. In addition, allowing the Debtors to provide service to the Individual Customers in this manner will allow the Debtors to reduce their administrative expenses while avoiding needless, and potentially devastating disruptions to their existing customer base while the Debtors expeditiously seek confirmation of the Plan.

**D.    Adequacy of the Disclosure Statement**

30. At the Combined Hearing, in addition to seeking confirmation of the Plan, to the extent there is no applicable non-bankruptcy law, rule, or regulation governing the adequacy of

K&E 12371705.

disclosure in connection with the pre-petition solicitation, the Debtors will seek the Court's ruling that the prepetition solicitation complied with section 1126(b)(2) of the Bankruptcy Code because the Disclosure Statement provided adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code. Accordingly, the Debtors hereby request that at the Combined Hearing, to the extent necessary, the Court find that the Disclosure Statement contains "adequate information" as defined by section 1125(a) of the Bankruptcy Code.

31.     Section 1125(a) of the Bankruptcy Code defines "adequate information" as

information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

11 U.S.C. § 1125(a).

32.     The Debtors' Disclosure Statement is extensive and comprehensive. It contains descriptions and summaries of, among other things, (a) the Debtors' businesses and capital structure, (b) the events leading to these chapter 11 cases, (c) the Plan, (d) the Solicitation Procedures, (e) risk factors affecting the Plan, (f) a liquidation analysis setting forth the estimated return that creditors would receive in a hypothetical chapter 7 case, (g) financial information and valuations relevant to the creditors' determinations of whether to accept or rejection the Plan, and (h) federal tax and securities law consequences.

33.     In addition, the Disclosure statement was subject to extensive review and comment by the agent for the senior secured prepetition lenders, and its counsel as well, on

behalf of the holders of Class 1 Claims.  As discussed above, the holders of the Class 1 Claims are the only claimants entitled to vote on the Plan, and the holders of the Class 1 Claims have overwhelmingly supported the Plan pursuant to the Debtors' prepetition solicitation. Accordingly, the Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

**E.      Related Relief**

        (a)      Waiver of 341 Meeting

34.      Pursuant to section 341(e), the Debtors request that the Court enter an order directing the United States Trustee not to convene a meeting of creditors or equity security holders (the "341 Meeting") if the Plan is confirmed within 75 days of the Petition Date.  As discussed above, the Debtors have solicited acceptances and rejections of the Plan prior to the Petition Date.  The Debtors filed the Plan contemporaneously herewith.  Thus, the Debtors believe a waiver of the 341 Meeting as provided herein is appropriate under the circumstances of these chapter 11 cases.  <u>See</u> 11 U.S.C. § 341(e).  Although this timeframe exceeds the 40-day guideline provided by section VIII.A. of General Rule 203, the Debtors believe such relief is appropriate given the nature of these Chapter 11 cases.  First, the Debtors have sought this Court's authority to schedule the Combined Hearing outside the 40-day guideline provided by General Rule 203 in order to provide all parties in interest the opportunity to review the Plan and, if necessary, object and be heard.  Second, the vast majority of the Debtors' unsecured creditors will be unimpaired under the Plan.  Hence, the Debtors respectfully submit that the 341 Meeting would be an unnecessary use of their resources as they seek to confirm the Plan within this expedited timeframe.

        (b)      Waiver of filing monthly operating reports

35.     The Debtors request that the Court waive the Debtors' requirement to file or provide any periodic operating reports pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules (except as may be specifically provided in the Plan or the order confirming the Plan) if the Plan is confirmed within 75 days from the Petition Date; provided, however, that each month until the entry of a final decree or the cases are converted or dismissed, the Debtors shall provide to the United States Trustee an affidavit listing the disbursements made by each Debtor.

### Waiver of Memorandum of Points and Authorities

36.     The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Rule 9013-1 in the Local Bankruptcy Rules for the Southern District of New York.

### Notice

37.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent for the Debtors' proposed postpetition secured lenders; (d) counsel to the agent for the Debtors' senior secured prepetition lenders; (e) Washington Mutual Bank and Colonial Bank, N.A., lenders to the Debtors' non-debtor affiliate, SIRVA Mortgage, Inc.; (f) counsel to LaSalle Bank, N.A., as agent for the Debtors' receivables purchase program maintained through SIRVA Relocation Credit, LLC, the Debtors' non-debtor affiliate; (g) the Internal Revenue Service; and (h) the Securities and Exchange Commission.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

K&E 12371705.

WHEREFORE, for the reasons set forth herein and in the First Day Affidavit, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) scheduling the Combined Hearing, (b) approving procedures for filing objections thereto, (c) approving the form and manner of notice of the Combined Hearing, and (d) granting related relief, and (e) granting such other and further relief as is just and proper.

K&E 12371705.

Dated: February 5, 2008          /s/  Richard M. Cieri
New York, New York               _____
                                 Richard M. Cieri (RC 6062)
                                 KIRKLAND & ELLIS LLP
                                 Citigroup Center
                                 153 East 53rd Street
                                 New York, New York  10022
                                 Telephone:  (212) 446-4800
                                 Facsimile:  (212) 446-4900

                                 and

                                 Marc Kieselstein, P.C. (*pro hac vice* pending*)
                                 Adam C. Paul (*pro hac vice* pending*)
                                 Scott R. Zemnick (*pro hac vice* pending*)
                                 Jeffrey W. Gettleman (*pro hac vice* pending)
                                 KIRKLAND & ELLIS LLP
                                 200 East Randolph Drive
                                 Chicago, Illinois  60601
                                 Telephone:  (312) 861-2000
                                 Facsimile:   (312) 861-2200

                                 Proposed Counsel for the Debtors and Debtors
                                 in Possession

K&E 12371705.

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re: ) Chapter 11
) Case No. 08-_____(___)
DJK Residential LLC, et al.,[1] ) Jointly Administered
)
Debtors. )
)
_____ )

**ORDER (A) SCHEDULING A COMBINED HEARING ON THE ADEQUACY OF THE
DISCLOSURE STATEMENT AND CONFIRMATION OF THE PREPACKAGED PLAN
OF REORGANIZATION, (B) APPROVING PROCEDURES FOR FILING
OBJECTIONS THERETO, (C) APPROVING THE FORM AND MANNER OF NOTICE
OF THE COMBINED HEARING, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the

"Debtors") for the entry of an order (the "Order") (a) scheduling a combined hearing on the

adequacy of the disclosure statement and confirmation of the prepackaged plan of reorganization

(the "Combined Hearing"), (b) approving procedures for filing objections thereto, (c) approving

the form and manner of notice of the Combined Hearing, and (d) granting related relief; the

Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to

---

[1]  The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion, the Plan, or the Disclosure Statement, respectively.

28 U.S.C. §§ 1408 and 1409; service of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted as provided herein.

2. The Combined Hearing, at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, will be held before the Honorable _____, United States Bankruptcy Judge, in courtroom _____ of the United States Bankruptcy Court, One Bowling Green, New York, New York, 10004, on _____, 2008, at ___:_____ __.m. (prevailing Eastern time). The Combined Hearing may be adjourned from time to time without further notice other than announcement of the adjourned date or dates at the Combined Hearing or at an adjourned Combined Hearing.

3. Any objection to the Disclosure Statement or confirmation of the Plan must be filed with the Clerk of the Court together with proof of service thereof, and served by personal service or by overnight delivery, so as to be **actually received** no later than __:___ __.m. (prevailing Eastern Time) on _____, 2008 (the "Objection Deadline") by (a) Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois, 60601, attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick, (b) Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017, attn: Peter V. Pantaleo, (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, attn: _____, and (d) those parties who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases (each, an "Objection").

4. Any Objection must (a) be in writing, (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules or orders of this Court, (c) set forth

the name of the objecting party and the nature and amount of any claim asserted by the objector against the estates or property of the Debtors, and (d) state with particularity the legal and factual basis for the Objection.

5.    Any Objections not timely filed and served in the manner set forth in this Order shall not be considered and shall be overruled.

6.    The Debtors shall file their brief in support of the Plan, and their reply to Objections, if any, by _____, 2008.

7.    The forms of the Hearing Notice substantially in the forms attached to the Motion as <u>Exhibit B-1</u>, <u>B-2</u>, <u>B-3</u>, and <u>B-4</u> are hereby authorized and approved.

8.    Within four days following entry of the Order, the Debtors shall mail or cause to be mailed by first class mail the Hearing Notice to (a) creditors holding the largest 30 unsecured claims against the Debtors or their counsel, if known, (b) holders of claims or interests in Classes 1, 5 and 7, (c) the Debtors' entire creditor matrix other than Individual Customers, (d) the United States Trustee, (e) any entity that has filed a notice of appearance under Bankruptcy Rule 2002, and (f) the United States in accordance with Bankruptcy Rule 2002(j); <u>provided</u> <u>that</u> nothing in this Order shall limit the notice to be provided to individual creditors to the extent they hold claims or interests that are impaired under the Plan.

9.    The Debtors shall cause the Hearing Notice to be published in such format as is reasonably practicable once in each of the national editions of the Wall Street Journal, the Chicago Tribune, and the New York Times within 10 days of the entry of the Order.

10.    The Debtors are authorized to enter into such transactions to cause such publications to be made and to make reasonable payments required for such publications.

3

11.     Service of the Hearing Notice as set forth in the Motion and herein is sufficient notice of the commencement of these chapter 11 cases, the Combined Hearing, the Objection Deadline, and procedures for objecting to the adequacy of the Disclosure Statement and to confirmation of the Plan.

12.     Holders of Class 2, Class 3, Class 4, Class 6, and Class 8 Claims are deemed to have accepted the Plan, and the Debtors were not and shall not be required to solicit votes of the holders of such claims to accept or reject the Plan.

13.     The meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341 Meeting") shall not be convened and is hereby cancelled unless the Plan is not confirmed by this Court on or prior to _____, 2008.

14.     In the event the Section 341(a) Meeting is convened, the Debtors shall promptly consult with the Office of the United States Trustee with respect to setting an appropriate date for the Section 341 Meeting as required by the Bankruptcy Rules, the Local Bankruptcy Rules, and any applicable orders of this Court.

15.     The Debtors are not required to file or provide any periodic operating reports pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Local Bankruptcy Rules (except as may be specifically provided in the Plan or such order confirming the Plan) unless the Plan is not confirmed by this Court on or prior to _____, 2008; provided, however, that each month until the entry of a final decree or the cases are converted or dismissed, the Debtors shall provide to the United States Trustee an affidavit listing the disbursements made by each Debtor.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

18.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date:  February __, 2008

_____
United States Bankruptcy Judge

# EXHIBIT B-1

**[Hearing Notice for Holders of Class 1 Claims]**

Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Proposed Counsel for the Debtors and Debtors in
Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 08-_____ |
| | ) | Jointly Administered |
| DJK Residential LLC, et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## SUMMARY OF PLAN OF REORGANIZATION AND NOTICE OF COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PREPACKAGED PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE THAT**, on February 5, 2008 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions commencing

---

[1]   The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

chapter 11 cases under the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE THAT on the Petition Date, the Debtors filed with the Bankruptcy Court the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No.   ] (the "Plan") and an accompanying disclosure statement [Docket No. ] (the "Disclosure Statement") with respect to the Plan. Copies of the Plan and the Disclosure Statement may be obtained upon written request of the Debtors' counsel. The Plan and Disclosure Statement are also available for inspection on the Bankruptcy Court's Internet site at www.nysb.uscourts.gov and at no cost on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/sirva.

PLEASE TAKE FURTHER NOTICE THAT on the Petition Date, the Bankruptcy Court entered the Order (A) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement and Confirmation of the Prepackaged Plan of Reorganization, (B) Approving Procedures for Filing Objections Thereto, (C) Approving the Form and Manner of Notice of the Combined Hearing, and (D) Granting Related Relief [Docket No. ] (the "Order") scheduling a combined hearing on the adequacy of the Disclosure Statement and to consider confirmation of the Plan on _____, 2008 at _:___ _.m. (prevailing Eastern Time).[2]

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Plan, you are a holder of a Class 1 Claim. Your treatment under the Plan is set forth below.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the Disclosure Statement, the Solicitation Procedures, or confirmation of the Plan must be must be filed with the Clerk of the Court together with proof of service thereof, and served by personal service or by overnight delivery, so as to be **actually received** no later than **__:__ _.m. (prevailing Eastern Time) on _____, 2008** by (a) Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois, 60601, attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick, (b) Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017, attn: Peter V. Pantaleo, (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, attn: _____, and (d) those parties who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules or orders of the Bankruptcy Court, (c) set forth the name of the objecting party and the nature and amount of any claim asserted by the objector against the estates or property of the Debtors, and (d) state with particularity the legal and factual basis for the Objection.

---

[2]    Capitalized terms used but not defined herein shall have the meanings defined in the Order, the Plan, or the Disclosure Statement, as applicable. In the event of a contradiction between this notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement shall control.

K&E 12371705.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT**

## Summary of the Plan

The overall purpose of the Plan is to provide for the restructuring of the Debtors' liabilities in a manner designed to maximize recovery to all stakeholders and to enhance the financial viability of the Reorganized Debtors. Generally, the Plan provides for a balance sheet restructuring that exchanges the Debtors' prepetition debt for equity in the Reorganized Debtors and a pro rata share in the Reorganized Debtors' Second Lien Credit Facility. The Debtors' Plan is intended to create only minimal disruption to the Debtors' ongoing business operations. As a result, the vast majority of the Debtors' remaining creditors will be paid in full under the Plan. The Debtors are seeking confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code

Votes on the Plan were solicited prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of claims and interests and indicates the acceptance or rejection by each class.

| Class | Description | Treatment | Accept/Reject | Estimated Recovery |
|-------|-------------|-----------|---------------|--------------------|
| Class 1 | Prepetition Facility Claims | Impaired | Accepted | 52.0%-55.0% |
| Class 2 | Other Secured Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 3 | Other Priority Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 4 | Unsecured Ongoing Operations Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 5 | General Unsecured Claims | Impaired | Deemed to reject | 0.0% |
| Class 6 | Intercompany Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 7 | Equity Interests | Impaired | Deemed to reject | 0.0% |
| Class 8 | Intercompany Interests | Unimpaired | Deemed to accept | 100.0% |

## Section 341(a) Meeting

A meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") will not be convened if the Plan is confirmed prior to _____, 2008.

K&E 12371705.

New York, New York
Dated: _____, 2008

Marc Kieselstein, P.C.
Adam C. Paul
Scott R. Zemnick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:    (312) 861-2000
Facsimile:    (312) 861-2200

Proposed Counsel for the Debtors and Debtors
in Possession

K&E 12371705.

# EXHIBIT B-2

**[Hearing Notice for Holders of Class 2, 3, 4, 6, and 8 Claims]**

Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Proposed Counsel for the Debtors and Debtors in
Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 08-_____ |
| | ) | Jointly Administered |
| DJK Residential LLC, et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## SUMMARY OF PLAN OF REORGANIZATION AND NOTICE OF COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PREPACKAGED PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE THAT**, on February 5, 2008 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions commencing

---

[1] The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

chapter 11 cases under the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on the Petition Date, the Debtors filed with the Bankruptcy Court the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No.   ] (the "Plan") and an accompanying disclosure statement [Docket No.  ] (the "Disclosure Statement") with respect to the Plan.  Copies of the Plan and the Disclosure Statement may be obtained upon written request of the Debtors' counsel.  The Plan and Disclosure Statement are also available for inspection on the Bankruptcy Court's Internet site at www.nysb.uscourts.gov and at no cost on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/sirva.

**PLEASE TAKE FURTHER NOTICE THAT** on the Petition Date, the Bankruptcy Court entered the Order (A) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement and Confirmation of the Prepackaged Plan of Reorganization, (B) Approving Procedures for Filing Objections Thereto, (C) Approving the Form and Manner of Notice of the Combined Hearing, and (D) Granting Related Relief  [Docket No. ] (the "Order") scheduling a combined hearing on the adequacy of the Disclosure Statement and to consider confirmation of the Plan on _____, 2008 at _:___ _.m. (prevailing Eastern Time).[2]

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Plan, you are a Holder of either a Class 2, Class 3, Class 4, Class 6 Claim, or Class 8 Claim.  The Plan provides that your claims are unimpaired as that term is used by section 1124 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the Disclosure Statement, the Solicitation Procedures, or confirmation of the Plan must be must be filed with the Clerk of the Court together with proof of service thereof, and served by personal service or by overnight delivery, so as to be **actually received** no later than **__:__ _.m.  (prevailing   Eastern Time) on _____, 2008** by (a) Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois, 60601, attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick, (b) Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017, attn: Peter V. Pantaleo, (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, attn: _____, and (d) those parties who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules or orders of the Bankruptcy Court, (c) set forth the name of the objecting party and the nature and amount of any claim asserted by the objector against the estates or property of the Debtors, and (d) state with particularity the legal and factual basis for the Objection.

---

[2]   Capitalized terms used but not defined herein shall have the meanings defined in the Order, the Plan, or the Disclosure Statement, as applicable.  In the event of a contradiction between this notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement shall control.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT**

## Summary of the Plan

The overall purpose of the Plan is to provide for the restructuring of the Debtors' liabilities in a manner designed to maximize recovery to all stakeholders and to enhance the financial viability of the Reorganized Debtors. Generally, the Plan provides for a balance sheet restructuring that exchanges the Debtors' prepetition debt for equity in the Reorganized Debtors and a pro rata share in the Reorganized Debtors' Second Lien Credit Facility. The Debtors' Plan is intended to create only minimal disruption to the Debtors' ongoing business operations. As a result, the vast majority of the Debtors' remaining creditors will be paid in full under the Plan. The Debtors are seeking confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code

Votes on the Plan were solicited prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of claims and interests and indicates the acceptance or rejection by each class.

| Class | Description | Treatment | Accept/Reject | Estimated Recovery |
|-------|-------------|-----------|---------------|--------------------|
| Class 1 | Prepetition Facility Claims | Impaired | Accepted | 52.0%-55.0% |
| Class 2 | Other Secured Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 3 | Other Priority Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 4 | Unsecured Ongoing Operations Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 5 | General Unsecured Claims | Impaired | Deemed to reject | 0.0% |
| Class 6 | Intercompany Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 7 | Equity Interests | Impaired | Deemed to reject | 0.0% |
| Class 8 | Intercompany Interests | Unimpaired | Deemed to accept | 100.0% |

## Section 341(a) Meeting

A meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") will not be convened if the Plan is confirmed prior to _____, 2008.

K&E 12371705.

New York, New York
Dated: _____, 2008

Marc Kieselstein, P.C.
Adam C. Paul
Scott R. Zemnick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:     (312) 861-2000
Facsimile:      (312) 861-2200

Proposed Counsel for the Debtors and Debtors
in Possession

4

**EXHIBIT B-3**

**[Hearing Notice for Holders of Class 5 Claims]**

Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Facsimile: (312) 861-2200

Proposed Counsel for the Debtors and Debtors in
Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 08-_____ |
| | ) | Jointly Administered |
| DJK Residential LLC, et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## SUMMARY OF PLAN OF REORGANIZATION AND NOTICE OF COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PREPACKAGED PLAN OF REORGANIZATION

**PLEASE TAKE NOTICE THAT**, on February 5, 2008 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions commencing

---

[1]    The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

chapter 11 cases under the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE THAT on the Petition Date, the Debtors filed with the Bankruptcy Court the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No.   ] (the "Plan") and an accompanying disclosure statement [Docket No.  ] (the "Disclosure Statement") with respect to the Plan.  Copies of the Plan and the Disclosure Statement may be obtained upon written request of the Debtors' counsel.  The Plan and Disclosure Statement are also available for inspection on the Bankruptcy Court's Internet site at www.nysb.uscourts.gov and at no cost on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/sirva.

PLEASE TAKE FURTHER NOTICE THAT on the Petition Date, the Bankruptcy Court entered the Order (A) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement and Confirmation of the Prepackaged Plan of Reorganization, (B) Approving Procedures for Filing Objections Thereto, (C) Approving the Form and Manner of Notice of the Combined Hearing, and (D) Granting Related Relief  [Docket No. ] (the "Order") scheduling a combined hearing on the adequacy of the Disclosure Statement and to consider confirmation of the Plan on _____, 2008 at _:___ _.m. (prevailing Eastern Time).[2]

PLEASE TAKE FURTHER NOTICE THAT pursuant to the Plan, you are a Holder of a Class 5 Claim.  Your treatment under the Plan is set forth below.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, to the Disclosure Statement, the Solicitation Procedures, or confirmation of the Plan must be must be filed with the Clerk of the Court together with proof of service thereof, and served by personal service or by overnight delivery, so as to be **actually received** no later than **__:_ _.m.  (prevailing Eastern Time) on _____, 2008** by (a) Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois, 60601, attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick, (b) Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017, attn: Peter V. Pantaleo, (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, attn: _____, and (d) those parties who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases.

PLEASE TAKE FURTHER NOTICE THAT objections, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules or orders of the Bankruptcy Court, (c) set forth the name of the objecting party and the nature and amount of any claim asserted by the objector against the estates or property of the Debtors, and (d) state with particularity the legal and factual basis for the Objection.

---

[2]    Capitalized terms used but not defined herein shall have the meanings defined in the Order, the Plan, or the Disclosure Statement, as applicable.  In the event of a contradiction between this notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement shall control.

2

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT**

## Summary of the Plan

The overall purpose of the Plan is to provide for the restructuring of the Debtors' liabilities in a manner designed to maximize recovery to all stakeholders and to enhance the financial viability of the Reorganized Debtors. Generally, the Plan provides for a balance sheet restructuring that exchanges the Debtors' prepetition debt for equity in the Reorganized Debtors and a pro rata share in the Reorganized Debtors' Second Lien Credit Facility. The Debtors' Plan is intended to create only minimal disruption to the Debtors' ongoing business operations. As a result, the vast majority of the Debtors' remaining creditors will be paid in full under the Plan. The Debtors are seeking confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code

Votes on the Plan were solicited prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of claims and interests and indicates the acceptance or rejection by each class.

| Class | Description | Treatment | Accept/Reject | Estimated Recovery |
|-------|-------------|-----------|---------------|--------------------|
| Class 1 | Prepetition Facility Claims | Impaired | Accepted | 52.0%-55.0% |
| Class 2 | Other Secured Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 3 | Other Priority Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 4 | Unsecured Ongoing Operations Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 5 | General Unsecured Claims | Impaired | Deemed to reject | 0.0% |
| Class 6 | Intercompany Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 7 | Equity Interests | Impaired | Deemed to reject | 0.0% |
| Class 8 | Intercompany Interests | Unimpaired | Deemed to accept | 100.0% |

## Section 341(a) Meeting

A meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") will not be convened if the Plan is confirmed prior to _____, 2008.

K&E 12371705.

New York, New York
Dated: _____, 2008

Marc Kieselstein, P.C.
Adam C. Paul
Scott R. Zemnick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601-6636
Telephone:      (312) 861-2000
Facsimile:       (312) 861-2200

Proposed Counsel for the Debtors and Debtors
in Possession

K&E 12371705.

**EXHIBIT B-4**

**[Hearing Notice for Holders of Class 7 Claims]**

Richard M. Cieri (RC 6062)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York  10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

and

Marc Kieselstein, P.C. (*pro hac vice* pending*)*
Adam C. Paul (*pro hac vice* pending)
Scott R. Zemnick (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois  60601
Telephone:  (312) 861-2000
Facsimile:  (312) 861-2200

Proposed Counsel for the Debtors and Debtors in
Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 08-_____ |
| | ) | Jointly Administered |
| DJK Residential LLC, et al.,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |
| | ) | |

---

[1] The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

**SUMMARY OF PLAN OF REORGANIZATION AND NOTICE OF COMBINED HEARING ON THE ADEQUACY OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PREPACKAGED PLAN OF REORGANIZATION**

**PLEASE TAKE NOTICE THAT**, on February 5, 2008 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions commencing chapter 11 cases under the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE THAT** on the Petition Date, the Debtors filed with the Bankruptcy Court the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. ] (the "Plan") and an accompanying disclosure statement [Docket No. ] (the "Disclosure Statement") with respect to the Plan. Copies of the Plan and the Disclosure Statement may be obtained upon written request of the Debtors' counsel. The Plan and Disclosure Statement are also available for inspection on the Bankruptcy Court's Internet site at www.nysb.uscourts.gov and at no cost on the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC, at http://www.kccllc.net/sirva.

**PLEASE TAKE FURTHER NOTICE THAT** on the Petition Date, the Bankruptcy Court entered the Order (A) Scheduling a Combined Hearing on the Adequacy of the Disclosure Statement and Confirmation of the Prepackaged Plan of Reorganization, (B) Approving Procedures for Filing Objections Thereto, (C) Approving the Form and Manner of Notice of the Combined Hearing, and (D) Granting Related Relief [Docket No. ] (the "Order") scheduling a combined hearing on the adequacy of the Disclosure Statement and to consider confirmation of the Plan on _____, 2008 at _:___ _.m. (prevailing Eastern Time).[2]

**PLEASE TAKE FURTHER NOTICE THAT** pursuant to the Plan, you are a Holder of a Class 7 Claim. Your treatment under the Plan is set forth below.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the Disclosure Statement, the Solicitation Procedures, or confirmation of the Plan must be must be filed with the Clerk of the Court together with proof of service thereof, and served by personal service or by overnight delivery, so as to be **actually received** no later than **__:__ .m. (prevailing Eastern Time) on _____, 2008** by (a) Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois, 60601, attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick, (b) Simpson Thatcher & Bartlett LLP, 425 Lexington Avenue, New York, New York, 10017, attn: Peter V. Pantaleo, (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, attn: _____, and (d) those parties

---

[2]   Capitalized terms used but not defined herein shall have the meanings defined in the Order, the Plan, or the Disclosure Statement, as applicable. In the event of a contradiction between this notice and the Plan or Disclosure Statement, the Plan or Disclosure Statement shall control.

who have filed a notice of appearance and request for service of pleadings in these chapter 11 cases.

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules or orders of the Bankruptcy Court, (c) set forth the name of the objecting party and the nature and amount of any claim asserted by the objector against the estates or property of the Debtors, and (d) state with particularity the legal and factual basis for the Objection.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT**

### Summary of the Plan

The overall purpose of the Plan is to provide for the restructuring of the Debtors' liabilities in a manner designed to maximize recovery to all stakeholders and to enhance the financial viability of the Reorganized Debtors. Generally, the Plan provides for a balance sheet restructuring that exchanges the Debtors' prepetition debt for equity in the Reorganized Debtors and a pro rata share in the Reorganized Debtors' Second Lien Credit Facility. The Debtors' Plan is intended to create only minimal disruption to the Debtors' ongoing business operations. As a result, the vast majority of the Debtors' remaining creditors will be paid in full under the Plan. The Debtors are seeking confirmation of the Plan pursuant to section 1129(b) of the Bankruptcy Code

Votes on the Plan were solicited prior to the Petition Date. The following chart summarizes the treatment provided by the Plan to each class of claims and interests and indicates the acceptance or rejection by each class.

| Class | Description | Treatment | Accept/Reject | Estimated Recovery |
|-------|-------------|-----------|---------------|--------------------|
| Class 1 | Prepetition Facility Claims | Impaired | Accepted | 52.0%-55.0% |
| Class 2 | Other Secured Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 3 | Other Priority Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 4 | Unsecured Ongoing Operations Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 5 | General Unsecured Claims | Impaired | Deemed to reject | 0.0% |
| Class 6 | Intercompany Claims | Unimpaired | Deemed to accept | 100.0% |
| Class 7 | Equity Interests | Impaired | Deemed to reject | 0.0% |
| Class 8 | Intercompany Interests | Unimpaired | Deemed to accept | 100.0% |

K&E 12371705.

## <u>Section 341(a) Meeting</u>

A meeting pursuant to section 341(a) of the Bankruptcy Code (the "Section 341(a) Meeting") will not be convened if the Plan is confirmed prior to _____, 2008.


New York, New York
Dated: _____, 2008

—————————————————————————
Marc Kieselstein, P.C.
Adam C. Paul
Scott R. Zemnick
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601-6636
Telephone:     (312) 861-2000
Facsimile:      (312) 861-2200

Proposed Counsel for the Debtors and Debtors
in Possession

K&E 12371705.