UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-10375(JMP) |
| DJK Residential LLC, et al.,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER AUTHORIZING PAYMENT OF PREPETITION UNIMPAIRED CLAIMS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (this "Order") authorizing payment of prepetition Unimpaired Claims in the ordinary course of business; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; service of the Motion having been adequate and appropriate under

---

[1] The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED

1. The Motion is granted as provided herein.

2. The Debtors are authorized, but not directed, to pay Unimpaired Claims in the ordinary course of business as the Unimpaired Claims become due and payable, without regard to any acceleration arising from the commencement of these chapter 11 cases, if any.

3. The Debtors are authorized, in their sole discretion, to seek agreements from Unimpaired Claimants to provide continuing trade credit on the prepetition terms provided to the Debtors.

4. If any Unimpaired Claimant accepts payment pursuant to this Order and thereafter does not continue to provide goods or services to the Debtors during the pendency of these chapter 11 cases on the same terms that existed prior to the Petition Date, then (a) any payment relating to this Order made after the Petition Date shall be deemed an avoidable postpetition transfer and, therefore, shall be either recoverable by the Debtors in cash or recharacterized as payment for any postpetition amounts payable to such Unimpaired Claimant upon written notification by the Debtors and (b) upon such recovery or recharacterization such Unimpaired Claim shall be reinstated as a prepetition claim in the amount so recovered or recharacterized.

5. The banks and financial institutions on which checks are drawn or electronic payment requests are made in payment of the prepetition obligations approved pursuant to this Order are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized and directed to rely on the Debtors' designation of any particular

check or electronic payment request as the satisfaction of an Unimpaired Claim as approved by this Order.

6. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid as the satisfaction of an Unimpaired Claim as approved by this Order and that is not cleared by the applicable bank or other financial institution.

7. This Order is not intended and shall not be construed as an approval or assumption of any contract, lease, or agreement under section 365 of the Bankruptcy Code.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
      February 5, 2008

                                *s/ James M. Peck*
                                HONORABLE JAMES M. PECK
                                UNITED STATES BANKRUPTCY JUDGE