**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-10375 (JMP) |
| DJK Residential LLC, et al.,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER AUTHORIZING THE DEBTORS TO (A) PREPARE A LIST OF CREDITORS IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX, (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (C) MAIL INITIAL NOTICES**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order authorizing the Debtors to (a) prepare a list of creditors in lieu of submitting a formatted mailing matrix, (b) file a consolidated list of the Debtors' thirty largest unsecured creditors, and (c) mail initial notices; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED

1. The Motion is granted as provided herein.

2. Notwithstanding Bankruptcy Rule 1007(d) and Local Bankruptcy Rule 1007-1, the Debtors are authorized to file a consolidated list of their thirty largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

3. In lieu of submitting a formatted mailing matrix, the Debtors shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any party who so requests and in non-electronic form at such requesting party's sole cost and expense.

4. The Debtors, with the assistance of Kurtzman Carson Consultants LLC ("KCC") (upon this Court's authorization to engage KCC as the Debtors' notice and claims agent (the "Notice and Claims Agent")), are authorized, but not directed, to mail initial notices, such as (a) a notice of filing of the chapter 11 cases, and (b) any correspondence the Debtors may wish to send to creditors and equity security holders as part of the Debtors' communication efforts to keep their creditors and equity security holders informed with respect to the status of the chapter 11 cases.

5. The Debtors, with the assistance of the Notice and Claims Agent, are authorized, but not directed, to undertake all mailings directed by the Court, the United States Trustee, or as required by the Bankruptcy Code, including, but not limited to, the notice of commencement and any other correspondence that the Debtors may wish to send to creditors and equity security holders.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The requirement set forth in Rule 9013-1(b) of the Local Bankruptcy Rules that any motion or other request for relief be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: February 5, 2008  *s/ James M. Peck*
New York, New York  United States Bankruptcy Judge