**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) Case No. 08-10375 (JMP) |
| DJK Residential LLC, et al.,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

## ORDER AUTHORIZING THE DEBTORS' RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' business and the First Day Affidavit; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having

---

[1]  The Debtors in these cases include:  DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A., Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.;  NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED

1.  The Motion is granted as provided herein.

2.  The Debtors are authorized, but not required, to retain and pay reasonable fees and expenses for the services of various attorneys, accountants, and other professionals in the ordinary course of their business (each, an "OCP").

3.  The following procedures for the retention of OCPs are hereby approved (the "OCP Procedures"):

a.  Each OCP shall file with the Court and serve a declaration of disinterestedness (each, a "Declaration of Disinterestedness") substantially in the form attached to the motion as <u>Exhibit C</u> upon: (i) SIRVA, Inc., 700 Oakmont Lane, Westmont, IL 60559, Attn: Eryk Spytek; (ii) proposed counsel for the Debtors, Kirkland & Ellis LLP, 200 East Randolph Drive, Chicago, Illinois 60601, Attn: Marc Kieselstein, P.C., Adam C. Paul, and Scott R. Zemnick; (iii) attorneys for any statutory committee(s) appointed by the Office of the United States Trustee; and (iv) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, NY 10004 (the "Notice Parties").

b.  The Notice Parties shall have twenty days after the filing and service of a Declaration of Disinterestedness to object to the retention of the OCP filing such declaration (the "Objection Deadline"). Any objecting party shall serve its objection upon the Notice Parties and the relevant OCP on or before the Objection Deadline. If an objection cannot be resolved within ten days after the Objection Deadline, then the retention of the OCP that is the subject of the objection shall be scheduled for hearing by the Debtors at the next regularly scheduled omnibus hearing date that is no less than twenty days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and pay such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to an OCP, the Debtors shall be authorized to retain and pay that OCP in accordance with these OCP Procedures.

d.  The Debtors are authorized to retain an OCP and pay such OCP, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors after such OCP

(i) files with the Court and serves upon the Notice Parties a Declaration of Disinterestedness for which the Objection Deadline lapses and no objections are pending and (ii) submits to the Debtors an appropriate invoice setting forth in reasonable detail the nature of the services to be rendered after the Petition Date; <u>provided, however</u>, that each OCP's fees, excluding costs and disbursements, do not exceed $50,000 per month (the "OCP Monthly Cap") or exceed an aggregate of $500,000 while these chapter 11 cases are pending (the "OCP Case Cap").

e.  To the extent that fees payable to any OCP exceed the OCP Monthly Cap set forth in paragraph (d) above, the OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the OCP Monthly Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York, the Fee Guidelines promulgated by the Executive Office of the United States Trustee, and any applicable orders of the Court, unless the Unites States Trustee (the "U.S. Trustee") agrees otherwise.

f.  If an OCP exceeds the OCP Case Cap set forth in paragraph (d) above, the OCP shall file a retention application with the Court pursuant to section 327 of the Bankruptcy Code, unless the U.S. Trustee agrees otherwise.

g.  At three-month intervals during the pendency of these chapter 11 cases (each, a "Quarter"), the Debtors shall file with the Court and serve on the Notice Parties, no later than thirty days after such Quarter, a statement that shall include the following information for each OCP: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported Quarter; (iii) all postpetition payments made to that OCP to date; and (iv) a general description of the services rendered by that OCP.

h.  The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by (i) including such OCPs on an amended version of <u>Exhibit B</u> attached to the Motion that is filed with the Court and served on the Notice Parties and (ii) having such OCPs comply with the OCP Procedures.

4.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Date:  February 5, 2008                    _s/ James M. Peck_____
New York, New York                      United States Bankruptcy Judge