BENESCH FRIEDLANDER COPLAN
& ARONOFF LLP
William E. Schonberg
Stuart A. Laven, Jr. (SL-9838)
2300 BP Tower
200 Public Square
Cleveland, OH 44114-2378
(216) 363-4500

Attorneys for Landerhaven II LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                : Chapter 11
                                     :
DJK RESIDENTIAL LLC, *et al*.,       : Case No. 08-10375 (JMP)
                                     : (Jointly Administered)
        Debtors.                     :
                                     : Judge James M. Peck
------------------------------------------------------x

**OBJECTION OF LANDERHAVEN II LLC
TO CONFIRMATION OF DEBTORS' PREPACKAGED
JOINT PLAN OF REORGANIZATION**

Landerhaven II LLC ("Landlord"), landlord under a Lease Agreement dated August 3, 2000 (as amended, the "Lease"), with SIRVA Relocation, LLC (as successor to Cooperative Resource Services, Ltd.) ("Tenant"), one of the captioned debtors and debtors in possession (together with Tenant, collectively, "Debtors"), objects to confirmation of the Debtors' proposed Prepackaged Joint Plan of Reorganization [Docket 31] (the "Plan"). The Plan discriminates unfairly and is not fair and equitable with respect to Landlord's claim and similar unsecured claims proposed to be classified as Class 5 Claims. The Plan's discriminatory classification and treatment of Landlord's and similar claims, as compared to all other classified unsecured claims against Debtors, violates various provisions of Chapter 11 of the Bankruptcy Code, including

section 1129(b)(1) of the Bankruptcy Code. In support hereof, Landlord respectfully states as follows:

## INTRODUCTION

1.  The Plan violates section 1129(b)(1) of the Bankruptcy Code because the Debtors fail to articulate a legitimate basis for classifying and treating the claims of similarly situated unsecured creditors differently under the Plan. The Debtors have divided unsecured claims into two classes – those that the reorganized Debtors intend to continue to do business with post-confirmation and those that the reorganized Debtors no longer have a need for post-confirmation. Holders of unsecured claims that continue to have an on-going relationship with the reorganized Debtors will receive a 100% distribution on account of their claims in Class 4 under the Plan. Class 5 Claims, however, will receive no distribution – 0%. Class 5 appears to be composed of 2 landlords whose non-residential real property leases were rejected as of the Petition Date, with the remainder primarily consisting of litigation claimants and prospective post-petition rejection claims of landlords which are treated as prepetition claims as a matter of law.

2.  On March 4, 2008 (Docket # 198), the Debtors filed a list of holders of Class 5 Claims which they stated would not be altered absent further order of this Court. This designation does reference "David Development Group" and Jeff Davis, who is affiliated with Landlord. Without waiving its rights, including Landlord's right to have its rejection damage claim properly classified together with the Class 4 Unsecured Claims, Landlord is treating this designation as relating to Landlord and its prospective rejection damage claim.

## BACKGROUND

3.  Landlord and Tenant are parties to the Lease that expires October 31, 2017. Tenant leases approximately 79,000 rentable square feet of commercial office space, and

approximately 11,000 square feet of garage space, located at 6070 Parkland Blvd., Mayfield, Ohio 44124 (the "Property").

4. On February 5, 2008, the Debtors filed their petitions for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

5. On the Petition Date the Debtors also filed the Plan and accompanying proposed Disclosure Statement. The Plan establishes eight classes of claims, two of which pertain to unsecured claimants – Class 4 and Class 5. Unlike most prepackaged plans which modify the rights of note holders or other financial lenders while maintaining the status quo for other creditors and parties in interest, this Plan carves off a few "undesirable claims".

## **LAW AND ARGUMENT**

6. The Plan is not confirmable under the Bankruptcy Code because the Plan provides unfair, discriminatory and unequal treatment to similarly situated unsecured claims. Pursuant to Section 1129 of the Bankruptcy Code:

> [i]f all of the applicable requirements of subsection (a) of this Section other than paragraph (8) are met with respect to a plan, the Court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims of interests that is impaired under, and has not accepted, the plan.

7. A plan of reorganization should not be confirmed if it provides substantially different treatment to similarly situated claims, absent a legitimate basis for doing so. Many Courts have addressed the issue of disparate treatment and have overwhelmingly rejected the approach taken in this Plan. From a philosophical perspective, the Debtors are arguing the philosophy of Jeremy Bentham and John Stuart Mills – the greatest happiness of the greatest number. Unfortunately for the Debtors, Utilitarianism is an anathema of the Bankruptcy

3

Code and has been roundly rejected – even in the case where funds of a secured creditor are "shared" effecting the disparate treatment prohibited under the Bankruptcy Code.

8. In *In re Tucson Self-Storage, Inc.*, 166 B.R. 892, 898 (9th Cir. 1994), the debtors' plan provided a 100% payment to trade creditors while two deficiency claimants would receive 10% distributions. The court refused to confirm the debtors' plan due to the <u>widely disparate treatment of similarly situated creditors</u>.[1] The only justification offered by the debtor was its assertion that the full payment for goods and services was consistent with sound public policy.[2] The court determined that this was not a legitimate basis for discriminating against similarly situated unsecured creditors and refused to confirm the plan.

9. Similarly, in *In re ARN LTD. Limited Partnership*, 140 B.R. 5 (Bankr. D. Col. 1992), the Court held that similarly situated claims must be treated equally, when no justification for discrimination exists. In determining that debtor failed to demonstrate that a sound justification existed for the disparate treatment of the impacted classes, the Court applied a 4-part test,[3] which consisted of: 1) whether the discrimination has a reasonable basis; 2) whether the debtor can carry out a plan without such discrimination; 3) whether such discrimination is

---

[1] *Id.*, citing *In re Caldwell*, 76 B.R. 643, 646 (Banker E.D. Tenn. 1987) (Court denied confirmation of Chapter 11 Plan that proposed to pay class of unsecured claims 100% but proposed to pay all other unsecured claims 22.7%); *see also Barnes v. Whelan*, 689 f.2d 193, 202 (Although a Chapter 13 case, court held that a "99% differential in payments between separate classes of general unsecured creditors was unfair discrimination because debtor could not demonstrate a legitimate reason to justify departure … that all unsecured creditors should be treated alike.") (emphasis added).

[2] *Id.*

[3] Because the Bankruptcy Code does not specify any standard for determining the fairness of discrimination, various tests have been developed to assist courts in concluding whether a sound justification exists. *In re Crosscreek Apartments, Ltd.*, 213 B.R. 521, 537 (Bankr. E.D. Tenn. 1997), *citing, 7 Collier on Bankruptcy* §1129.04 [3][a] (15th ed. Rev. 1997).

proposed in good faith; and 4) whether the basis for the discrimination demands that this degree of differential be imposed.[4]

10. Here, regardless of the test this Court applies, the Plan unfairly discriminates against Class 5 Claims because the Debtors cannot articulate a legitimate basis for treating unsecured claims differently.[5] The Debtors' Disclosure Statement is silent and provides no sound justification for such widely disparate treatment. Moreover, the Debtors provide no reason as to why it could not carry out the Plan without such discrimination (such as perhaps providing slightly less than 100% to include Class 5 claimants in Class 4). For preferred payment of one creditor or class over others to be permissible in a chapter 11 case, the Court must find an acceptable basis for the preference.[6] Here, no basis exists and thus, disparate treatment of the classes should not be imposed.

11. In its current form, the Plan provides the Debtors with the unilateral right to arbitrarily pick and choose the unsecured claims that will be paid in full, and those which will receive nothing at all. The "focus on a particular claim should not be the claimholder, but rather the legal nature of the claim."[7] An unsecured claim is simply that, an unsecured claim. Thus, the Debtors cannot be permitted to satisfy, in full, the claims of one class and fail to pay similar claims anything. Thus, the Plan unfairly discriminates against Class 5 Claims and should not be confirmed.

---

[4] *Id.* at 13, citing *In re Ratledge*, 31 B.R. 897, 899 (Bankr. E.D. Tenn. 1983)

[5] *In re Crosscreek Apartments*, *Ltd.*, 213 B.R. at 537, *citing*, 7 Collier on Bankruptcy §1129.04[3][a]. ("Regardless of the particular test to which one ascribes, one thing is clear: at a minimum there must be a rational or legitimate basis for the discrimination and the discrimination must be necessary for the reorganization.")

[6] *In re Mortgage Inv. Co. of El Paso, Tex*, 111 B.R. 604 (Bankr. W.D. Tex. 1990).

[7] *In re Eisenbarth,* 77 B.R. 228, 236 (Bankr. D.N.D. 1987), citing *In re AOV Industries, Inc.* 792 F.2d 1140, 1150 (D.C. Cir. 1986).

5

## **CONCLUSION**

Landlord objects to confirmation of the Plan on the grounds that it violates various sections of the Bankruptcy Code, including section 1129(b)(1). Landlord requests that the Court deny confirmation of the Plan.

Dated: March 10, 2008
       Cleveland, Ohio

Respectfully submitted,

/s/ Stuart A. Laven, Jr.
William E. Schonberg (OBR #00025140)
Stuart A. Laven, Jr. (SL-9838)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
(216) 363-4500
(216) 363-4588 (Facsimile)
wschonberg@bfca.com
slaven@bfca.com

Attorneys for Landerhaven II LLC

**CERTIFICATE OF SERVICE**

On March 10, 2008, I caused a copy of the foregoing Objection to be served on the parties below via the Court's ECF system (with respect to parties registered to receive ECF filings in this case) and, as specified below, also via FedEx Next-Day Priority overnight delivery:

Marc Kieselstein, P.C.
Adam C. Paul
Scott R. Zemnick
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601
(FedEx Overnight)

Peter V. Pantaleo
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(FedEx Overnight)

Office of the United States Trustee
 for the Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004
Attention: Paul K. Schwartzberg
(FedEx Overnight)

Brad R. Godshall
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017
(FedEx Overnight)

Bryan Krakauer, Esq.
Bojan Guzina, Esq.
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
(Via ECF – Notice of Appearance)

Judith L. Cohen, Esq.
District Tax Attorney
New York State Department of Taxation & Finance
1740 Broadway 16th Floor
New York, NY 10019
(Via ECF – Notice of Appearance)


Anthony Sodono, III, Esq.
Henry M. Karwowski, Esq.
Trenk, DiPasquale, Webster, Della Fera & Sodono, P.C.
347 Mt. Pleasant Avenue, Suite 300
West Orange, NJ 07052
(Via ECF – Notice of Appearance)


David W. Dykhouse
Patterson Belknap Webb &Tyler LLP
1133 Avenue of the Americas
New York, NY 10036-6710
(Via ECF – Notice of Appearance)


Elizabeth Banda
Grapevine-Colleyville ISD
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
P.O. Box 13430
Arlington, TX 76094-0430
(Via ECF – Notice of Appearance)


Robert E. Nies, Esq.
David N. Ravin, Esq.
Wolff & Samson PC
The Offices At Crystal Lake
One Boland Drive
West Orange, NJ 07052
(Via ECF – Notice of Appearance)


Norman N. Kinel, Esq.
Terence D. Watson, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022
(Via ECF – Notice of Appearance)

Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
(Via ECF – Notice of Appearance)

Tye C. Hancock
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, TX 77002
(Via ECF – Notice of Appearance)

Ira L. Herman
Thompson & Knight LLP
919 Third Avenue, 39th Floor
New York, NY 10022-3915
(Via ECF – Notice of Appearance)

Marilyn Simon, Esq.
Marilyn Simon & Associates
110 East 59th Street, 23rd Floor
New York, NY 10022
(Via ECF – Notice of Appearance)

Paul Keiffer, Esq.
Wright Ginsberg Brusilow, PC
The Elm Place Building
1401 Elm Street, Suite 4750
Dallas, TX 75202
(Via ECF – Notice of Appearance)

Michael S. Fox, Esq.
Michael R. Neidell, Esq.
Olshan Grundman Frome Rosenzweig & Wolosky LLP
Park Avenue Tower 65
East 55th Street
New York, NY 10022
(Via ECF – Notice of Appearance)

Trey A. Monsour
Haynes and Boone, LLP
901 Main Street, Suite 3100
Dallas, TX 75202
(Via ECF – Notice of Appearance)

Griffin Capital Corporation
c/o Eric Prezant
Bryan Cave LLP
161 N. Clark St. Suite 4300
Chicago, IL  60601
(Via ECF – Notice of Appearance)


John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX  77253-3064
(Via ECF – Notice of Appearance)


Missouri Department of Revenue
Bankruptcy Unit
Attn:  Steven A. Ginther
PO Box 475
Jefferson City, MO  65105-0475
(Via ECF – Notice of Appearance)


Larry A. Levick, Esq.
Michelle E. Shriro, Esq.
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, TX  75001
(Via ECF – Notice of Appearance)


Laura Davis Jones, Esq.
Brad R. Godshall, Esq.
Robert J. Feinstein, Esq.
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY  10017-2024
(Via ECF – Notice of Appearance)


Joseph R. Sgroi
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
(Via ECF – Notice of Appearance)

Linebarger Goggan Blair & Sampson LLP
Attn: Diane W. Sanders
1949 South IH 35
PO Box 17428
Austin, TX 78760-7428
(Via ECF – Notice of Appearance)

Madeleine C. Wanslee
Gust Rosenfeld P.L.C.
201 E. Washington, Suite 800
Phoenix AZ 85004-2327
(Via ECF – Notice of Appearance)

Michael Luskin, Esq.
Luskin, Stern & Eisler LLP
330 Madison Avenue
New York, NY 10017
(Via ECF – Notice of Appearance)

Hoyt Rowell, III, Esq.
Richardson Patrick Westbrook & Brickman, LLC
1037 Chuck Dawley Blvd., Bldg. A
P.O. Box 1007
Mt. Pleasant, SC 29465
(Via ECF – Notice of Appearance)

Mark C. Tanenbaum, Esq.
Mark C. Tanenbaum, P.A.
P.O. Box 20757
Charleston, SC 29413-0757
(Via ECF – Notice of Appearance)

George W. Kuney
The University of Tennessee College of Law
1505 W. Cumberland Ave., Suite 202
Knoxville, TN 37996
(Via ECF – Notice of Appearance)

Howard L. Siegel, Esq.
c/o Mark C. Tanenbaum, P.A.
241-243 East Bay Street
Charleston, SC 29413-0757
(Via ECF – Notice of Appearance)

/s/ Stuart A. Laven, Jr.