David L. Campbell
Claude D. Smith
CAMPBELL & COBBE, P.C.
900 Jackson Street
120 Founders Square
Dallas, Texas 75202
(214) 742-3600
Fax: (214) 742-5106

ATTORNEYS FOR VAR RESOURCES, INC.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 08-10375-JMP-11 |
| | ) | Jointly Administered |
| DJK RESIDENTIAL, LLC, et al. | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Confirmation Hearing Date: |
| | ) | April 18, at 10:00 a.m. |

**OBJECTION OF VARESOURCES, INC. TO CONFIRMATION**
**OF DEBTORS' PLAN OF REORGANIZATION**

TO THE HONORABLE BANKRUPTCY JUDGE:

VAR Resources, Inc., f/k/a VAResources, Inc. ("VRS") files this Objection to Confirmation of the Debtors' Chapter 11 Plan and respectfully states the following:

**BACKGROUND FACTS**

1.    In January of 2008, Sirva Worldwide, Inc. and Allied Van Lines, Inc., (collectively, the "Debtors"), debtors in the captioned jointly administered case, approached VRS regarding the lease of certain tracking equipment (the "Equipment"). In anticipation of this business relationship, Silva and the Debtors negotiated and drafted a series of six separate equipment leases (the "Leases"). The Equipment subject to the Leases was listed in a series of schedules (the "Schedules") attached to the Leases.

2.      The Leases are finance leases under the article 2A of the Uniform Commercial Code. Under such an arrangement, the Debtors selected the leased equipment from a vendor of its choice, which VRS would purchase and thereafter lease to the Debtors on an "as-is" basis (together with waiver of certain warranties) upon an unconditional promise by the Debtors to pay under the lease.

3.      Paragraph 3 of each Lease states that: "[t]he original term of each Lease represented by a Schedule will begin on a date designated by [VRS] after [VRS] accept[s] and sign[s] the Schedule." Therefore, the Leases were not effective until VRS accepted and signed the Schedules.

4.      On or about January 25, 2008, the Debtors executed the Leases and sent copies of same to VRS, together with signed Schedules listing the Equipment.

5.      Shortly thereafter, the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 5, 2008, now jointly administered by order of this Court. Despite the fact that the bankruptcy filings constituted a material change in the proposed transactions, the Debtors failed to notify VRS of these filings and allowed VRS to continue its efforts to complete the transactions.

6.      Without knowledge of the bankruptcy filing, VRS ordered the Equipment on behalf of the Debtors from DataLink, Inc. (the "Vendor"), the vendor/manufacturer of the Equipment. VRS financed the acquisition of the Equipment on behalf of the Debtors through several banks (the "Lenders"). The Debtors accepted delivery of the Equipment on February 6, 2008, without informing VRS of the bankruptcy filing.

7.     Upon learning of the Debtors' bankruptcy filings, the Lenders refused to fund the purchase of the Equipment for the Leases.

8.     Funding was a material condition for the Leases to be effective. Because a condition precedent necessary to make the Leases effective did not occur, VRS did not accept the Leases or attached Schedules. Accordingly, the Leases and related Schedules are not effective, and do not constitute binding contracts with the Debtors.

9.     Article V of the proposed Plan of Reorganization filed by the Debtors (the "Plan"), states that the Debtors shall assume all leases and executory contracts which are not expressly rejected or previously expired or terminated pursuant to their terms. Because the Debtors signed the Leases and Schedules and accepted delivery of the Equipment, it is presumed that the Debtors intend to treat the Leases as binding contracts which it may assume under the Plan.

## OBJECTION

10.     Confirmation of the Plan should be denied because the Plan does not address VRS' interest in the Equipment. The Plan should provide that the disposition of the Equipment will be determined post-confirmation. VRS further objects to confirmation to the extent acceptance of the Plan would constitute a waiver of VRS' rights in the Equipment and/or VRS' right to argue that the Leases are not effective and binding as to VRS.

11.     VRS has standing to object to the Plan on the basis that it is a creditor and/or party-in-interest.

12.     Pursuant to the *Notice of Rescheduled Combined Hearing on the Adequacy of the Debtors' Disclosure Statement and Confirmation of the Debtors' Prepackaged Plan of Reorganization* [Docket No. 225], VRS reserves the right to amend this Objection.

WHEREFORE, PREMISES CONSIDERED, VAR Resources, Inc. respectfully requests that the Court sustain this Objection to Confirmation of the Debtors' Chapter 11 Plan in its entirety, that the Court deny confirmation of the Plan as currently proposed, and that the Court grant VAR such other and further relief as is just.

Respectfully submitted,                                Respectfully submitted,

By: /s/ Richard G. Gertler                        By: /s/ David Campbell
    Richard G. Gertler (RGG-8993)            David L. Campbell
    Thaler & Gertler, LLP                           State Bar No. 03698500
    90 Merrick Avenue; Suite 400              Claude D. Smith
    East Meadow, New York 11554            State Bar No. 24028778

CAMPBELL & COBBE, P.C.
900 Jackson Street
120 Founders Square
Dallas, Texas 75202
(214) 742-3600
Facsimile: (214) 742-5106
ATTORNEYS FOR VAR RESOURCES, INC.