Michael C. Hammer (*pro hac vice* pending)
DICKINSON WRIGHT PLLC
301 E. Liberty, Suite 500
Ann Arbor, MI  48104
(734) 623-7075
mhammer2@dickinsonwright.com
Counsel for Visteon Corporation

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
In re:                                                )        Chapter 11
                                                            )        Case No. 08-08-10375(JMP)
DJK Residential LLC, et al.,                )        Jointly Administered
                                                            )
                        Debtors.                    )
_____)

**VISTEON CORPORATION'S OBJECTION
TO DEBTORS' PLAN AND DISCLOSURE STATEMENT**

Visteon Corporation ("Visteon"), by and through its counsel, Dickinson Wright PLLC, states as follows for its Objection to Debtors' Plan of Reorganization and Disclosure Statement:

1. Debtors' commenced this case on February 5, 2008 by filing voluntary petitions under chapter 11 of the Bankruptcy Code.

2. Contemporaneously with filing the voluntary petitions, Debtors filed a pre-packaged Plan of Reorganization (the "Plan") and Disclosure Statement (the "Disclosure Statement").

3. Prior to the Petition Date, Debtor SIRVA Inc. ("SIRVA") entered into a contract with Visteon under which SIRVA provided relocation services to Visteon including, but not limited to, purchasing and marketing homes of Visteon employees (the "Relocation Agreement").

4. As of the petition date, SIRVA serviced fourteen properties owned by Visteon and more specifically listed in attached ***Exhibit A*** (the "Visteon Properties").  Per the Relocation

Agreement, the Debtors were charged with maintaining and selling the Visteon Properties. Additionally, Visteon must approve sales of the Visteon Properties.

5. Visteon is uncertain as to whether SIRVA is maintaining the Visteon Properties and is actively seeking to sell them. Additionally, Visteon has no way of knowing how the Debtors classify the Visteon Properties as Debtors have yet to file their Schedules and Statements of Financial Affairs. In fact, this Court has extended the time for Debtors to file their Schedules until March 21, 2008 and Debtors may seek a waiver of the requirement to file these pleadings.

6. To date, Debtors have not filed a pleading seeking authority to reject the Relocation Agreement, or their Plan Supplement which, according to the Disclosure Statement, will include a schedule of executory contracts and unexpired leases to be rejected upon confirmation of the Plan.

7. Based on the Plan, Disclosure Statement, and pleadings filed thus far in this case, Visteon cannot determine whether the Debtors will reject the Relocation Agreement and thus, whether it will be a holder of a Class 4 Ongoing Operations Claim or Class 5 General Unsecured Claim.

8. Further, objections to the Plan and Disclosure Statement must be filed by March 11, 2008, even though Debtors do not have to file relevant pleadings pertinent to Visteon's claim for another several weeks. As a result, Visteon is filing this objection out of an abundance of caution as it is currently without sufficient information to determine the full magnitude and grounds of its objection.

## **OBJECTIONS TO DISCLOSURE STATEMENT**

9. The Debtor's Disclosure Statement fails to adequately disclose the information necessary for approval pursuant to § 1125(a) of the Bankruptcy Code.

10. For a disclosure statement to be approved, the Debtor must present, and the Court must find, that the disclosure statement contains "adequate information" sufficient to enable a hypothetical reasonable investor typical of holders of claims or interests to make an informed judgment on the reorganization proposal contained in the Plan. See 11 U.S.C. § 1125(a).

11. This standard requires a testing of the amount and quality of the information presented in the disclosure statement to ensure that the statement not only says what the plan of reorganization does, but give creditors sufficient information to decide whether the proposal is fair, feasible and confirmable. *See In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988); *In re Malek*, 35 B.R. 443, 443 (Bankr. E.D. Mich. 1983); *In re A.C. Williams, Co.*, 25 B.R. 173, 175 (Bankr. N.D. Ohio 1982).

12. In this case, the Disclosure Statement does not provide any information on the status of the Visteon Properties including whether they are being maintained or are in the process of being sold. Because Visteon cannot determine whether there are defaults under the Relocation Agreement, Visteon cannot determine whether the Debtors adequately cure those defaults. Furthermore, the Disclosure Statement does not contain sufficient information regarding which executory contracts and unexpired leases Debtors propose to assume and/or reject. Therefore, the Disclosure Statement does not provide Visteon with adequate information to determine whether the Plan is fair, feasible and confirmable.

## **OBJECTIONS TO PLAN**

13. Once again, the lack of information regarding the status of the Visteon Properties and how Debtors' propose to treat the Relocation Agreement leads Visteon to object to the Plan.

At this time, Visteon cannot determine based on the Plan and other pleadings in this case whether it will be a holder of a Class 4 Ongoing Operations Claim or Class 5 General Unsecured Claim.

14. The Plan designates "Unsecured Ongoing Operations Claims"[1] as Class 4 Claims and proposes to pay the holders of such a claim in full, and in cash on the effective date, or in the ordinary course of business for those claims that are not due and payable on or before the Effective Date.

15. Ongoing Operations Claims are classified as unimpaired, and therefore holders of these claims are not entitle to vote on the Plan.

16. According to Section 1124(2)(A) of the Bankruptcy Code, a class of claims in unimpaired if the plan:

> (2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default –
> (A) cures any such default that occurred before or after the commencement of the case under this title, other than a default of a kind specified in section 362(d)(2) of this title of a find that section 365(b)(2) expressly does not require to be cured.

17. To the extent Visteon holds a Class 4 Claim, Visteon objects to the Plan as its purports to classify Visteon's ongoing operations claim as unimpaired but fails to articulate how Debtor intends to cure any post-petition defaults under the Relocation Agreement contrary to Section 1124(2)A) of the Bankruptcy Code.

---

[1] Debtors' Plan defines "Unsecured Ongoing Operations Claim" as any unsecured Claim against any of the Debtors that is no a/an (a) DIP Facility Claim; (b) Administrative Claim; (c) Priority Tax Claim; (d) Prepetition Facility Claim; (e) Other Priority Claim (f) Other Secured Claim; (g) General Unsecured Claim; or (h) Intercompany Claim.

18. To the extent Debtors do not intend to cure any defaults under the Relocation Agreement, then Visteon objects to the Plan as its claim is impaired, and thus Visteon must be entitled to vote on the Plan.

19. The Plan defines "General Unsecured Claim" as "any unsecured Claim arising with an Entity with whom the Debtors have ceased ongoing business relationships…"

20. To the extent the Debtors' reject the Relocation Agreement and Visteon becomes holder of a Class 5 General Unsecured Claim, Visteon objects to the Plan as it appears to discriminate unfairly between Class 4 and Class 5 claims in violation of 11 U.S.C. § 1129(b)(1).

21. Section 1129(b)(1) of the Bankruptcy Code states that a court may confirm a plan over objections of an impaired class if "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interest that is impaired under, and has not accepted, the plan." In this case, Class 4 and Class 5 claims both represent unsecured creditors. However, Debtors have opted to maintain a relationship with Class 4 claimants, and thus their claims will be paid in full while Class 5 claimants receive nothing. At a bare minimum, the Debtors' proposed treatment of these similarly situated creditors appears to discriminate unfairly against Class 5 claims.

22. Moreover, the Plan's proposed treatment of unsecured claims violates the so called "absolute priority rule" in Section 1129(b)(2)(B) of the Bankruptcy Code.

23. Visteon reserves the right to file an Objection Supplement further detailing its objections to the Plan as additional information becomes known.

WHEREFORE, Visteon Corporation requests that the Court enter an Order:

a) denying approval of the Debtors' Disclosure Statement;

b) denying confirmation of the Debtors' Plan of Reorganization; and

c) granting such other and further relief as the Court deems fit.

>Respectfully Submitted,
>
>DICKINSON WRIGHT PLLC
>
>By: /s/ Michael C. Hammer
>Michael C. Hammer (*pro hac vice* pending)
>Counsel for Visteon Corporation
>301 E. Liberty, Suite 500
>Ann Arbor, MI 48104
>(734) 623-7075
>mhammer2@dickinsonwright.com

Dated March 11, 2008

DETROIT 26381-273 1032236v2