PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017
Telephone: 212/561-7700
Facsimile: 212/561-7777
Laura Davis Jones (admitted pro hac vice)
Brad R. Godshall (admitted pro hac vice)
Robert J. Feinstein (RF-2836)
Alan J. Kornfeld (AK-5647)
Ilan D. Scharf, Esq. (IS-3469)

Proposed Counsel for the Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| DJK Residential LLC, et al.,[1] | Case No. 08-10375 (JMP) |
| Debtors. | Jointly Administered |

**APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION OF TRENWITH SECURITIES, LLC
AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS NUNC PRO TUNC TO FEBRUARY 23, 2008**

---

[1] The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc., SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE

The Official Committee of Unsecured Creditors (the "Committee") appointed in the cases of the above-captioned debtors and debtors in possession (the "Debtors") hereby submits this *Application for the Entry of an Order Authorizing the Retention of Trenwith Securities, LLC as Investment Banker to the Official Committee of Unsecured Creditors Nunc Pro Tunc to February 23, 2008* (the "Application"). In support of this Application, the Committee relies on the affidavit of Jeffrey R. Manning (the "Manning Affidavit") filed herewith, and respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 1102, 1103, 328 and 504 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

4. On February 5, 2008 (the "Petition Date"), the Debtors commenced these cases (the "Chapter 11 Cases") by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtors also filed motions and applications seeking certain "first day" orders. The factual background regarding the Debtors, their current

and historical business operations, and the events precipitating these Chapter 11 Cases is set forth in the Affidavit of Douglas V. Gathany, Senior Vice President and Treasurer of DJK Residential LLC, in Support of First Day Motions and Pursuant to Local Bankruptcy Rule 1007-7 [Docket No. 2].

5. The Debtors have continued in possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner.

6. On February 20, 2008 (the "Committee Formation Date"), the United States Trustee (the "Trustee") for the Southern District of New York appointed the five-member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. The Committee's members are: (i) Owner Operator Independent Drivers Association; (ii) Natalie Hutt; (iii) AboveNet Communications Inc., as a member of and on behalf of The Official Committee of Unsecured Creditors of 360networks (USA) Inc. *et al.*, on behalf of itself and 360networks (USA) Inc., and 360fiber Inc., and their debtor subsidiaries; (iv) Team Relocations Limited; and (v) Beltman Group Incorporated. On February 23, 2008, the Committee selected Pachulski Stang Ziehl & Jones LLP ("PSZJ") as its counsel, Trenwith Securities, LLC ("TRN") as its investment banker, and BDO Seidman, LLP ("BDO") as its accountant and financial advisor, each subject to Court approval.

**Relief Requested and Basis for Relief**

7. By this Application, the Committee seeks to employ and retain TRN *nunc pro tunc* to February 23, 2008, as its investment banker in connection with the prosecution of the

Chapter 11 Cases as set forth herein. The Committee understands that TRN will seek compensation from the Debtors' estates at its regular hourly rates for professionals and staff, and reimbursement of expenses incurred on the Committee's behalf, subject to prior Court approval after notice and a hearing.

8. The Committee seeks to retain TRN as its investment banker because TRN has extensive familiarity with investment banking, valuation, and corporate finance in insolvency matters in the bankruptcy courts in the Southern District of New York and in other jurisdictions.

9. TRN has indicated a willingness to act as investment banker on the Committee's behalf, in accordance with the terms of this Application.

10. The Committee submits that it is necessary to employ TRN as investment banker to ensure that the interests of the Committee are adequately represented in an efficient and effective manner. The Committee believes that, in light of TRN's familiarity with the facts of these Chapter 11 Cases, its understanding and knowledge of the Debtors' business and restructuring issues, its knowledge of accounting practices in insolvency matters and related sales, and its experience before this Court, TRN is well suited to provide investment banker services to the Committee.

11. Since the Committee, subject to approval by the Court, retained the services of TRN on February 23, 2008, and TRN immediately began to provide services to the Committee at that time, the Committee requests that any order entered authorizing such retention be effective as of February 23, 2008.

### Services to Be Provided

12. The professional services that TRN will render to the Committee include, but shall not be limited to, the following:

   a. analyzing the business, operations and financial position of the Company in light of potential transactions related to the sale of securities or assets;

   b. evaluating proposals received from potential investors or purchasers of securities or assets;

   c. advising the Committee as to strategy and tactics for discussion and negotiations relating to valuation of securities, assets, and other transactions;

   d. recommending and analyzing for the Committee the "highest and best" alternatives;

   e. supporting the Committee in such matters as the Committee shall request from time to time.

13. TRN intends to work closely with PSZJ and BDO, and any other professionals that may be retained by the Committee, to ensure that there is no unnecessary duplication of services performed or charged to the Debtors' estates.

### Professional Compensation

14. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to TRN on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by TRN. The current standard hourly rates of TRN are:

   | | | |
   |---|---|---|
   | a. | Managing Directors | $600 to $675 per hour |
   | b. | Principals | $300 to $600 per hour |
   | c. | Vice Presidents | $225 to $375 per hour |

| | | | |
|---|---|---|---|
| | d. | Associates | $175 to $275 per hour |
| | e. | Staff | $125 to $200 per hour |

TRN's request for compensation for professional services rendered for the Committee shall be based upon the time expended to render such services and at billing rates commensurate with the experience of the person performing such services and will be computed at the hourly billing rates customarily charged by TRN for such services. Expenses will be charged at actual costs incurred (and will include charges for travel, telephone, delivery services, computer rental, report production, copying, etc.) and will be itemized separately from the fees on our applications for compensation. TRN will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to TRN's other clients and within the guidelines set forth in Local Bankruptcy Rule 2016-1, General Order M-151, and all amendments and supplemental standing orders of the Court.

### No Adverse Interest and Disclosure of Connections

15. The Manning Affidavit, executed by Jeffrey R. Manning, a managing director at TRN, and filed contemporaneously with this Application, verifies that TRN does not have any connection with any party in interest, or their attorneys or accountants, other than as set forth in the Manning Affidavit.

16. Except as provided in the Manning Affidavit, to the best of the Committee's knowledge, TRN does not hold or represent any interest adverse to the Committee or the estates in the matters on which they are to be retained. The Committee submits that its proposed employment of TRN is in the best interests of the Committee and its members.

17. To the best of the Committee's knowledge, and except as disclosed in the Manning Affidavit and below, TRN has had no other prior connection with the Debtors, their creditors, or any other party in interest. Upon information and belief, TRN does not hold or represent any interest adverse to the Debtors' estates or the Committee or the creditors the Committee represents in the matters upon which it has been and is to be engaged.

18. As part of its practice, TRN appears in cases, proceedings and transactions involving many different creditors, shareholders, attorneys, accountants, financial consultants, investment bankers and other entities, some of which may be or represent claimants and parties-in-interest in this case. Other than as disclosed in the Manning Affidavit, TRN does not represent any such entity in connection with the pending case or have a relationship with any such entity or professional which would be adverse to the Committee, the Debtors, or the Debtors' estate. In addition, from time to time, TRN has been retained and likely will continue to be retained by certain creditors of the Debtors. TRN will not represent any party other than the Committee in matters related to the Debtors' bankruptcy cases and will use commercially reasonable efforts to limit any such engagements to matters unrelated to this chapter 11 case.

### Waiver of Memorandum of Law

19. Pursuant to Local Rule 9013-1(b), because there are no novel issues of law presented herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a memorandum of law in support of this Application.

### Notice

20. Notice of this Motion has been provided to: (i) the Office of the United States Trustee; (ii) counsel for the Debtors; (iii) counsel to the Agent for the Debtors' prepetition

lenders; and (iv) those parties who have requested service of all papers in these cases pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Committee requests entry of an Order substantially in the form attached hereto, authorizing the Committee to employ and retain TRN as investment banker, *nunc pro tunc* to February 23, 2008, and granting such other and further relief as is just and proper.

Dated: March 14, 2008  
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Ilan D. Scharf
Laura Davis Jones (admitted pro hac vice)
Brad R. Godshall (admitted pro hac vice)
Robert J. Feinstein (RF-2836)
Alan S. Kornfeld (AK-5647)
Ilan D. Scharf, Esq. (IS-3469)
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

Proposed Counsel for the Official Committee of Unsecured Creditors