Karel S. Karpe (KK 5801)
White and Williams LLP
One Penn Plaza, Suite 1801
New York, NY 100119
Telephone: (212) 631-4421
Telecopier: (212) 631- 4431
    and
Jennifer L. Hoagland (admitted in PA)
Bazelon Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA  19102
Telephone: (215) 568-1155
Telecopier: (215) 568-9319
Attorneys for ACE American Insurance Company,
Illinois Union Insurance Company, Indemnity
Insurance Company of North America, Insurance Company
of North America and Westchester Surplus Lines
Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re ) | |
| ) | Chapter 11 |
| DJK RESIDENTIAL LLC, *et al.* ) | |
| ) | Case No. 08-10375 (JMP) |
| Debtors. ) | (Jointly Administered) |
| ) | |

**LIMITED OBJECTION OF ACE
TO PROPOSED DISCLOSURE STATEMENT FOR DEBTORS'
JOINT PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE, AND
<u>TO PROPOSED JOINT PLAN OF REORGANIZATION</u>**

Creditors ACE American Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, Westchester Surplus Lines Insurance Company and possibly other members of the ACE group of companies (hereinafter "ACE"), by and through their undersigned attorneys, hereby file this Limited Objection ("Limited Objection") to the Disclosure Statement for Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ("Disclosure Statement") and the

proposed Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code ("Plan"), and in support thereof, aver as follows:

## Background

1. On February 5, 2008, (the "Petition Date") the Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). These cases are jointly administered under the above caption.

2. When the Debtors filed their petitions, they also filed a "pre-packaged" Disclosure Statement and Plan (D.5. 30 and 31).

3. On the same date, an Order (D.E. 56) was entered, scheduling an objection deadline for both the Disclosure Statement and Plan for March 11, 2008, and a combined hearing. A subsequent Order (D.E. 225), scheduled a supplemental deadline for objections for Friday, April 11, 2008. The combined hearing is to be held on Friday, April 18, 2008.[1]

---

[1] ACE is not on the Rule 2002 Notice List contained on the website maintained by Kurtzman Carson Consultants, LLC, the Debtors' noticing and claims agent. In addition, ACE was not served with either of the Orders setting the objection deadlines and hearing dates for the Disclosure Statement and Plan. (Docket 82 and 259.) Despite this, ACE received a notice concerning this bankruptcy in mid-February. The notice was addressed to the marine insurance division of ACE (INAMAR/ ACE Marine). The notice was then forwarded internally within ACE to a main corporate office, which performed an internal investigation to determine what agreements ACE had with the more than sixty (60) Debtors. By the time ACE determined it had issued policies to the Debtors and retained counsel, the initial date for filing objections had passed. Accordingly, to the extent it is necessary; ACE seeks leave to have its Limited Objection addressed. ACE is filing and serving this objection by the April 11, 2008 supplemental deadline, which is one week in advance of the hearing.

4.      ACE issued various insurance policies to the Debtors from 1995 through the present ("ACE Policies").  The ACE Policies include, but are not limited to, agreements for storage tank liability, marine cargo, excess liability and workers compensation.

### The Debtors' Ongoing Obligations

5.      In exchange for receiving the benefit of insurance coverage, the Debtors are obligated to pay premiums.  Sometimes the premium is paid in advance and sometimes an initial deposit premium is recalculated based upon the actual value of the property or risk insured.  This recalculation can result in additional premium being owed, or in premium being returned to the Debtors.

6.      There are also "Conditions" in the Policies which obligate the Debtors to provide notice of claims, to defend claims, or to make records available to ACE so that ACE can defend claims, to cooperate in the investigation and defense of claims, to pay certain retained portions of claims, and to preserve and transfer to ACE any rights the Debtors have against others to recover all or any part of any payment that ACE makes under the Policies.

7.      If these conditions are not satisfied, then ACE may not have any obligation to provide coverage.

8.      Other provisions of the policies require the Debtors to advise ACE of any material change in ownership or risk.  Notification of such changes is required because these changes may affect the risk insured by ACE, and may also result in a recalculation of premium or cancellation of coverage.

9.      Under certain circumstances, ACE may be entitled to rescind a policy or policies.

10. Other provisions of the policies require the Debtors to assign causes of action they may have against others to ACE. Under state law applicable to insurance policies and insurers, ACE may be subrogated to the Debtors' claims against others. ACE also has common law rights of recoupment and set off.

11. All of the rights obligations of the Debtors and ACE under the Policies and applicable non-bankruptcy law are ongoing and continuing, and the ACE Policies are executory contracts.

## The Disclosure Statement and Plan

12. The Disclosure Statement and Plan indicate that general unsecured claims will not be paid at all, but that "unsecured ongoing operations claims" will be paid in full. (Disclosure Statement, Art I, ¶C; Plan Art. III, ¶¶B. 4 and 5.)

13. Counsel for the Debtors has filed a Declaration and First Supplemental Declaration identifying less than fifty (50) claims that the Debtors consider to be "general unsecured claims" that will not be paid. Counsel has represented that all other unsecured claims will be treated as "unsecured operations claims" that will be paid in full. (Docket 198 and 389).

14. The Disclosure Statement and Plan indicate that some claims may be covered by insurance and will be paid by insurance coverage available to the Debtors. (Disclosure Statement/Plan, Art. VI ¶¶H, 2 and 3, and Art. VIII, ¶G.)

15. The Disclosure Statement and Plan set forth a procedure for resolving disputed claims; however, the procedure set forth in the Plan may violate the insurers' rights to investigate, defend, litigate and resolve claims. (Disclosure Statement/Plan, Art. VII.)

16. The Disclosure Statement and Plan reserve the Debtors' and insurers' rights and defenses under the insurance policies, but do not indicate how the Debtors' ongoing obligations under any insurance policies will be satisfied. (Disclosure Statement/Plan, Art. VI, ¶H. 3.)

17. The Disclosure Statement and Plan state that all assets of the Debtors, including causes of action, will vest in the Reorganized Debtors and that the Reorganized Debtors will be able to use and dispose of those assets. (Disclosure Statement/Plan, Art. IV, ¶G.)

18. The insurance policies issued by ACE prohibit assignment of the insurance policies without the consent of ACE.

19. The Disclosure Statement and Plan indicates that executory agreements will be assumed, unless they are expressly rejected. The Disclosure Statement and Plan do not identify which agreements they consider to be executory. Instead, the Debtors reserve their right to take the position that any agreement is not executory. (Disclosure Statement/Plan, Art. V, ¶¶A and F.)

20. Only one of the ACE policies was identified as an executory contract in the Debtors' schedules. (*See* Schedules and Statements of Financial Affairs on website of Kurtzman Carson Consultants, LLC.)

21. The Debtors filed a motion to continue to pay for existing insurance coverage and purchase new insurance coverage, which motion was granted, but the Debtors' moving papers and the subsequent Order entered by the Court expressly noted that approval of the Debtors' request was not an assumption of the insurance policies. (Docket 24 and 57.)

22. Accordingly, although it appears that the insurance policies will be assumed and performed by the Debtors, it is possible that the Debtors could take the position that the policies are not executory and were not assumed.

23. The Disclosure Statement and Plan set forth certain proposed settlement, release and injunction provisions that will impair creditors' rights against the Debtors and possibly others. (Disclosure Statement/Plan, Art. VIII.)

24. These provisions preserve and allow rights of setoff, subrogation for the Debtors, but do not for any creditors. In order for a creditor to preserve any such right, the creditor is required to provide Notice to the Debtors prior to the Effective Date of the Plan. (Disclosure Statement/Plan. Art. VIII, ¶¶G (4), H, and I.)

25. These satisfaction, discharge, release, and injunction provisions may violate and interfere with ACE's obligations under the policies to investigate, defend, litigate and resolve claims that my be covered under the insurance policies.

## Objections to Disclosure Statement and Plan

26. ACE objects to the proposed Disclosure Statement because it fails to provide information sufficient for ACE to make an informed decision regarding the treatment of the ACE Policies.

27. ACE also objects to the proposed Plan because it indicates that the Debtors seek to obtain the benefit of the ACE Policies, but the Plan does not provide for the performance of the Debtors' obligations under those policies.

28. ACE also objects to the proposed Plan because the insurance policies cannot be assigned without ACE's consent.

29. In addition to the Debtors' obligations under the Policies, ACE also has certain rights (such as the rights of subrogation, contribution, indemnification, set off, recoupment and rescission) and may have certain duties (such as the duty to defend). The dispute resolution and release/satisfaction/discharge/injunction provisions set forth in the proposed Plan may interfere with the Debtors' obligations and rights and ACE's obligations and rights under the ACE Policies and applicable non-bankruptcy law.

30. To the extent the Debtors intend to obtain the benefit of the ACE Policies, language that is substantially similar to the following should be added to the Plan or to the Order confirming the Plan in order to set forth how the Debtors' obligations will be performed going forward:

> ACE American Insurance Company, Illinois Union Insurance Company, Insurance Company of North America, Indemnity Insurance Company of North America, Westchester Surplus Lines Insurance Company, and possibly other members of the ACE group of companies (collectively, **"ACE"**) issued insurance policies to the Debtors for various policy periods (collectively, the **"Policies"**) that may provide pre- and/or post-petition coverage for the Debtors and Debtors-in-Possession, and/or for all or part of certain Claims. To the extent the ACE Policies are executory; the Plan constitutes a motion to assume the ACE Policies as set forth in Article V of the Plan. To the extent the ACE Policies are not considered executory, they will be reinstated. Beginning upon the Effective Date, the Reorganized Debtors will perform the insureds' obligations under the ACE Policies going forward, including, without limitation, the payment of any audited or additional premiums, deductibles, and/or self-insured retentions and/or the performance of the insureds' obligations to provide notice and cooperation. Nothing in this Order or the Plan will alter, amend or modify the terms, conditions, exclusions, limitations and endorsements of the ACE Policies, and the rights, duties, and obligations of the Debtors, Reorganized Debtors and ACE under

the Policies and applicable non-bankruptcy law will remain in full force and effect.

### Reservation of Rights

31. ACE expressly reserves, and does not waive, all of its rights, defenses, limitations and/or exclusions under the ACE Policies and applicable law. ACE further reserves all rights to assert any and all such rights, defenses, limitations and/or exclusions in any appropriate manner or forum whatsoever (including, without limitation, any of its rights to have any matter relating to the interpretation of the ACE Policies adjudicated by the United States District Court or any state court or arbitration proceeding). Nothing contained in this Limited Objection shall be deemed to expand any coverage that may otherwise be available under any insurance policies or any rights to payment under any settlements.

32. ACE further reserves all of its rights to raise the issues contained in this Limited Objection and any other related issues in any procedurally-appropriate contested matter and/or adversary proceeding including, without limitation, any separate adversary proceeding requesting any appropriate declaratory and/or injunctive relief with respect to any of the contractual rights that may be adversely affected by the confirmation of the Plan.

33. ACE further reserves all of its rights to object to any claim for coverage under any of the Policies and/or any claim for payment under any settlement agreements, and/or to seek declaratory and/or injunctive relief to the extent that treatment of its rights under the ACE Policies and/or confirmation of the Plan violates any terms or conditions of any of the ACE Policies and/or settlements or gives rise to any defenses on behalf of ACE. By way of example, and not limitation, the ACE Policies do not provide coverage for estimated claims.

34. Nothing in this Limited Objection shall be construed as an acknowledgment that any of the ACE Policies or pre-petition settlement agreements, if any, cover or otherwise apply to any claims, losses or damages on account of any Claims or otherwise, or that any such claims or causes of action are eligible for payment.

35. ACE reserves the right to seek adjudication that Debtors, individually or collectively, have waived or forfeited any available coverage under the Policies, and/or that ACE is entitled to rescind any one or more of the ACE Policies.

36. ACE also reserve its right to amend, modify or supplement this Limited Objection in response to, or as a result of any discovery being conducted in connection with the confirmation of the proposed Plan and/or any submission in connection with the proposed Plan or these Chapter 11 Cases filed by any party-in-interest.

37. ACE also reserves the right to adopt any other objections to the Plan filed by any other party.

## Conclusion

38. For the reasons set forth above, the Disclosure Statement should not be approved and the Plan should not be confirmed unless the objections raised herein are resolved.

WHEREFORE, for all the foregoing reasons, Creditors ACE American Insurance Company, Illinois Union Insurance Company, Insurance Company of North America, indemnity Insurance Company of North America, and West Chester Surplus Lines Insurance Company respectfully request the Bankruptcy Court not to confirm the proposed Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code unless the limited

objections raised herein are addressed, together with such further relief as the Court deems appropriate.

Dated: New York, New York
      April 10, 2008

> Respectfully submitted,
> WHITE AND WILLIAMS LLP
>
>  /s/Karel S. Karpe
> Karel S. Karpe (KK 5801)
> One Penn Plaza, Suite 1801
> New York, NY 10119
> Telephone: (212) 631-4421
> Telecopier: (212) 631- 4431
>
> and
>
> Jennifer L. Hoagland, Esquire
> (Member of Pennsylvania Bar)
> Bazelon Less & Feldman, P.C.
> 1515 Market Street, Suite 700
> Philadelphia, PA 19102-1907
> Telephone: 215-568-1155
> Facsimile: 215-568-9319
> Email: jhoagland@bazless.com
>
> *Attorneys for Creditors ACE American Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America and Westchester Surplus Lines Insurance Company*