Norman N. Kinel
Terence D. Watson
Timothy A. Solomon
DREIER LLP
499 Park Avenue
New York, New York  10022
Tel.:  (212) 328-6100
Fax:  (212) 328-6101

Attorneys for the Official Committee of Unsecured
Creditors of 360networks (USA) inc., et al., and the
Estates of 360networks (USA) inc., et al.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
IN RE:                                                             :    Chapter 11
                                                                   :
DJK Residential LLC, et al.,                                       :    Case No. 08-10375 (JMP)
                                                                   :
                           Debtors.                                :    Jointly Administered
------------------------------------------------------------------- x

## SUPPLEMENTAL OBJECTION OF THE 360NETWORKS COMMITTEE TO CONFIRMATION OF THE DEBTORS' PLAN OF REORGANIZATION AND APPROVAL OF DEBTORS' DISCLOSURE STATEMENT

The Official Committee of Unsecured Creditors of 360networks (USA) inc., *et al.*, on

behalf of itself and 360networks (USA) inc. ("360") and its debtor subsidiaries (collectively, the

"360networks Committee"), which holds an unliquidated claim against one of the above-

captioned debtors (the "Debtors") estimated to be in excess of $2.2 million,[1] by and through its

---

[1] The 360networks Committee's claim is against Debtor Sirva Relocation LLC ("Sirva Relocation"), and derives from an action captioned "The Official Committee of Unsecured Creditors of 360networks (USA) inc. *et al.* v. U.S. Relocation Services, Inc.," Adv. Pro. No. 03-03127 (ALG), currently pending before Bankruptcy Judge Allan L. Gropper in the United States Bankruptcy Court for the Southern District of New York (the "Preference Action").  In the Preference Action, the 360networks Committee seeks the avoidance, recovery and return of $1,863,014.09 in preferential transfers (the "Transfers") made by 360 to a predecessor of Sirva Relocation, plus interest and other amounts, for a total claim in excess of $2.2 million.  On March 27, 2008, this Court "So Ordered" a stipulation between the 360networks Committee and the Debtors lifting the automatic stay with respect to the Preference Action to permit Judge Gropper to render a decision on the fully-briefed cross-motions for summary judgment that had been *sub judice* prior to being stayed by the commencement of the Debtors' bankruptcy cases.

undersigned counsel, herby files this supplemental objection (the "Supplemental Objection") to confirmation of the "Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code" (Doc. No. 31) (as subsequently supplemented, the "Proposed Plan") and "Disclosure Statement for the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code" (Doc. No. 32) (the "Disclosure Statement"), and in further support of the preliminary objection to confirmation of the Proposed Plan filed by the 360networks Committee on March 11, 2008 (Doc. No. 282) (the "Preliminary Objection"). In support of the Supplemental Objection, the 360networks Committee respectfully states as follows:

1. In perhaps one of the most outrageous and patently improper maneuvers ever attempted in a chapter 11 case, the Debtors, in concert with and/or at the behest of their lenders, have proposed a plan that provides for certain preferred unsecured creditors to receive payment of their claims *in full*, while other disfavored unsecured creditors, including the 360networks Committee, are to receive *no distributions whatsoever* with respect to their claims. Even more outrageously, it has become apparent through discovery that the Debtors' decisions regarding who will be paid in full and who will receive absolutely nothing were arbitrary at best and did not even comport with their own stated criteria (as inappropriate as they were) for doing so. This proposed distribution scheme is both grossly unfair and unprecedented, and violates numerous provisions of Chapter 11 of Title 11 of the United States Code. Accordingly, the Proposed Plan cannot be confirmed.

2. In its objection to confirmation, dated April 11, 2008 (the "Committee Objection") (Doc. No. 411), the Official Committee of Unsecured Creditors (the "Committee") has set forth, fully and cogently, many of the valid grounds which mandate this Court's denial of

confirmation of the Proposed Plan. In the interest of judicial economy, the 360networks Committee will not replicate these arguments herein. Instead, the 360networks Committee hereby incorporates the Committee Objection in its entirety by reference.

3. Although the 360networks Committee adopts the arguments set forth in the Committee Objection, one point in particular warrants special emphasis for the 360networks Committee – namely, that the Proposed Plan cannot be confirmed because it improperly seeks to substantively consolidate the estates of all of the Debtors. *See* Committee Objection at Section III.H. As set forth in the Committee Objection, the Second Circuit imposes "very high standards" before permitting substantive consolidation. *In re Adelphia Commc'ns Corp*., 368 B.R. 140, 219 (Bankr. S.D.N.Y. 2007). This is because "the possibility of unfair treatment to creditors" requires that the mechanism of substantive consolidation be applied "sparingly." *FDIC v. Colonial Realty Co.*, 966 F.2d 57, 61 (2d Cir. 1992).

4. The Debtors' proposed substantive consolidation scheme would have a uniquely unfair impact on the 360networks Committee. As noted above, the 360networks Committee is a creditor of Sirva Relocation. Upon information and belief, Sirva Relocation has only two Class 5 creditors, one of which is the 360networks Committee. Sirva Relocation – unlike most of the other Debtors – has significant unencumbered assets, primarily in the form of approximately $40 million of equity in real estate owned by Sirva Relocation. *See* Committee Objection at p. 7. The effect of substantive consolidation would be that these unencumbered assets of Sirva Relocation would be stripped from Sirva Relocation and divided among the creditors of *all* the Debtors – not merely those of Sirva Relocation – thus substantially diluting amounts potentially available for distribution to the 360networks Committee. As a result, and contrary to any

argument that substantive consolidation might not be prejudicial to creditors in these cases, substantive consolidation would be extremely prejudicial to the 360networks Committee.

5. This extremely negative impact on the 360networks Committee squarely implicates the Second Circuit's concern that substantive consolidation can improperly lead to unfair treatment among creditors (which is the rationale for imposing such a high burden on debtors seeking substantive consolidation). Indeed, the Second Circuit has held that harm to a minority of creditors is a sufficient ground to deny substantive consolidation, irrespective of whether such consolidation would benefit most other creditors. *See In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515, 521 (2d Cir. 1988).

6. The Debtors' claim – even if true – that their intercompany accounts are "hopelessly intermingled" is not sufficient to justify substantive consolidation, nor is it even consistent with the Debtors' other factual assertions, such as the assertion that the "Debtors maintain records of all fund transfers and can ascertain, trace and account for Intercompany Transactions." *See* Committee Objection at p. 69 (*citing* Gathany Affidavit (as defined in the Committee Objection) at ¶ 142). Indeed, the Debtors have provided woefully inadequate evidence in support of substantive consolidation. *See* Committee Objection at Section III.H.3.

7. Because substantive consolidation will result in unfair treatment of creditors – the 360networks Committee in particular – and the Debtors have not shown that substantive consolidation is warranted, it is respectfully submitted that the Proposed Plan may not be confirmed on that ground alone, as well as for all the other reasons set forth in the Committee Objection.

8. The 360networks Committee intends to vigorously oppose confirmation of the Proposed Plan at the hearing scheduled thereon and accordingly reserves its right to submit

evidence, call and/or cross-examine witnesses and raise all factual and legal arguments raised herein, in the Preliminary Objection, in the Committee Objection or otherwise.

## **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, in the Preliminary Objection and in the Committee Objection, the 360networks Committee respectfully requests entry of an Order denying confirmation of the Proposed Plan or approval of the Disclosure Statement, together with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 11, 2008

DREIER LLP

By: /s/ Norman N. Kinel
Norman N. Kinel
Terence D. Watson
Timothy A. Solomon
499 Park Avenue
New York, New York 10022
Tel.: (212) 328-6100
Fax: (212) 328-6101

*Attorneys for the Official Committee of Unsecured Creditors of 360networks (USA) inc., et al., and the Estates of 360networks (USA) inc., et al.*