Matthew S. Okin
(*pro hac vice* motion pending)
Texas Bar No. 00784695
Okin & Adams LLP
1113 Vine St., Suite 201
Houston, TX 77002
Telephone: (713) 228-4100
Facsimile: (888) 865-2118
Attorneys for Accretive Solutions-Houston, L.P.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| *DJK RESIDENTIAL LLC, et al.,* | ) | |
| | ) | Case No. 08-10375 (JMP) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF ACCRETIVE SOLUTIONS TO DEBTORS' PROPOSED PREPACKAGED JOINT PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE; AND SUPPLEMENT TO DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION**

Accretive Solutions Solutions-Houston, LP ("Accretive Solutions"), a creditor in the above-referenced bankruptcy proceeding, hereby files this Objection to Debtors' Proposed Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code and Supplement to Debtors' Prepackaged Joint Plan of Reorganization, and in support thereof, states as follows:

**I. BACKGROUND**

1. On February 5, 2008, (the "Petition Date") the Debtors filed their voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). These cases are jointly administered under the above caption.

2. On the Petition Date, the Debtors also filed a Prepackaged Plan and Disclosure Statement (Doc. #31 and 30, respectively). On that same date, the Bankruptcy Court entered an Order (Doc. #56) scheduling a combined hearing for approval of the Disclosure Statement and confirmation of the Plan on March 21, 2008 and a deadline for objecting to the Plan and Disclosure Statement of March 11, 2008.

3. Thirty days after this case was first filed, the Debtors filed a Notice of Rescheduled Combined Hearing (Doc. #225) in which they provided notice that the combined hearing had been rescheduled for April 18, 2008 and further provided for the filing of supplemental objections to the Plan and Disclosure Statement until 5:00 PM Eastern Time on April 11, 2008.

4. From February 2006 through June 2007, Accretive Solutions provided certain accounting-related consulting services to Debtor, SIRVA, Inc. ("SIRVA"), pursuant to a written consulting contract. SIRVA paid Accretive Solutions' invoices for time and expenses for the first 13 months of the contract in full and without complaint. In March 2007, however, as SIRVA and the other Debtors began experiencing increasing cash shortages, SIRVA stopped timely paying its invoices. Although Accretive Solutions provided services and incurred out-of-pocket costs on SIRVA's behalf from March 2007 through June 2007, SIRVA has failed and refused to any of Accretive Solutions' invoices for those months. Accretive Solutions' invoices for the unpaid months of work and expenses total $545,913.16.

5. In order to collect the outstanding invoices due to it by SIRVA, on September 25, 2007, Accretive Solutions filed Cause No. 07-59660 in 295th Judicial District Court of Harris County, Texas seeking payment of the outstanding invoices as well as other actual and consequential damages, pre- and post-judgment interest and reasonable and necessary attorneys'

fees. Accretive Solutions' state court lawsuit against SIRVA had been pending for more than four months when it was stayed by the filing of SIRVA's bankruptcy petition.

### III. LEAVE TO FILE

6. Accretive Solutions has filed this Objection within the time limit for filing supplemental objections as set forth in the Debtors' Notice of Rescheduled Combined Hearing. Accretive Solutions did not, however, file an initial objection prior to the original objection deadline established in the Court's February 5, 2008 order. Therefore, to the extent leave of Court is necessary for consideration of this Objection, Accretive Solutions hereby requests leave of Court to file this Objection.

7. Accretive Solutions' decision to file an objection at this time is justified by the circumstances of this case and will not prejudice the Debtors in any way. Accretive Solutions is not listed on the Rule 2002 Notice List established in this case, nor is it listed on the Debtors' mailing matrix filed with the Clerk of Court. Accretive Solutions is listed on the Schedules of Assets and Liabilities (Doc. #353 filed by SIRVA on March 21, 2008 and eventually received a copy of the Plan and Disclosure Statement which was mailed to the address shown on the Schedules. Accretive Solutions' address that is listed on SIRVA's Schedules is the address for Accretive Solutions' Houston office where the work for SIRVA was primarily performed.[1] Although the papers related to this bankruptcy proceeding were sent to SIRVA at its Houston address, those papers did not reach anyone at Accretive Solutions able to review the pleadings and determine whether an objection was necessary until it was too late to comply with the

---

[1] Accretive Solutions has 12 offices throughout the United States. Its corporate headquarters are located in Hauppauge, New York. Although Mike G. Reinecke, the company's general counsel and the individual responsible for this matter, maintains his home in Houston, he does not regularly work in company's the Houston office and maintains his office in the company's New York headquarters.

original objection deadline. Accretive Solutions has endeavored to file this Objection as quickly as possible after determining that an Objection was necessary.

8. The Objection, while based in part upon the terms of the Plan that was filed on February 5, 2008, is also based upon the retention of certain causes of action as identified in the Debtors' Plan Supplement which was not filed until April 4, 2008. *See* Section IV.C. below. Since the Debtors' Plan Supplement was not filed until two weeks after the original objection deadline had passed, Accretive Solutions could not have raised that portion of its Objection in a timely fashion before now.

9. Not only is Accretive Solutions' Objection timely given the circumstances of this case, but the Debtors will not be prejudiced in any way if Accretive Solutions' Objection is heard by the Court. Since the Plan was first filed, nearly a dozen separate objections have been filed to confirmation. Most of those objections address the unfair treatment of the Class 5 Claims under the Plan, as does this Objection. Thus, Accretive Solutions' Objection should not surprise the Debtors and does not raise new issues that until now the Debtors believed were uncontested. All of the issues raised herein are issues that even before the Plan was filed the Debtors easily could have anticipated would be raised by multiple parties.

10. While the Debtors will not be prejudiced if the Court allows Accretive Solutions' Objection, Accretive Solutions stands to lose in excess of half a million dollars if the Plan is confirmed as it is currently drafted. It is true that other parties, including the Official Committee of Unsecured Creditors, have raised many of the same arguments as Accretive Solutions, but only Accretive Solutions can truly represent its own interests before this Court and in

negotiations with the Debtors.[2] Through their Plan, the Debtors have drawn an arbitrary distinction between unsecured creditors that determines whether a creditor will be paid in full or receive nothing. While Accretive Solutions maintains that all unsecured creditors must be treated the same, the possibility exists that the Plan will be amended to modify the way the distinction between unsecured creditors is drawn, rather than eliminating it entirely. Accretive Solutions is the only party before this Court with an interest in ensuring that Accretive Solutions' claim is placed in a class that receives the maximum distribution available to unsecured creditors. Thus, if Accretive Solutions is excluded from these proceedings, it will be denied the ability to protect that interest.

11. Given the circumstances and short time-frames associated with this case, including the lack of any prejudice to the Debtors and the great risk of harm to Accretive Solutions, the Court should hear Accretive Solutions' Objection irrespective of the previously established deadlines.

## IV. <u>OBJECTIONS</u>

**A.     The Plan Impermissibly Classifies Unsecured Claims**

12. The Bankruptcy Court may confirm a plan of reorganization only if the plan complies with all applicable provisions of the Bankruptcy Code. 11 U.S.C. §1129(a)(1). Placing the nonpriority unsecured claims into three separate classes, however, is not permissible under §1122. "One of the cardinal principles underlying bankruptcy law is equality of treatment of similarly situated creditors." 7 L. King, *Collier on Bankruptcy* & 1122.03 (15th ed. Rev. 2007)(citations omitted).

---

[2] This is particularly true now that the Debtors have filed their Plan Supplement and noted their intention to retain causes of action against Accretive Solutions while simultaneously discharging all of Accretive Solutions' claims against the Debtors. *See* discussion in IV.C., below.

13. Classifying unsecured creditors separately on the basis that the favored class has an interest in doing business with the debtor in the future, and the disfavored class does not have such an interest, "cannot serve as a justification for separate classification." *One Times Square Assoc. L.P. v. Banque Nationale De Paris*, 165 B.R. 773, 778 (S.D.N.Y. 1994), *aff'd without reported opinion,* 41 F.3d 1502 (2d Cir.1994), *cert. denied*, 513 U.S. 1153 (1995).

14. Even if the Court were to hold that separate classification is permissible in some circumstances, the Debtors "must adduce credible proof of a legitimate reason for separate classification of similar claims." *Boston Post Road L.P. v. FDIC,* 21 F.3d 477, 483 (2d Cir. 1994), *cert. denied*, 513 U.S. 1109 (1995); *see also In re 222 Liberty Associates*, 108 B.R. 971, 991 (Bankr. E.D. Pa. 1990). Trade creditors who are not "essential to [the debtor's] future" cannot be simply carved out from other trade creditors and treated differently. *Id.; see also Barakat v. Life Ins. Co. of Va.*, 99 F.3d 1520, 1528-29 (9th Cir. 1996), *cert. denied*, 520 U.S. 1143 (1997), *rehearing denied,* 520 U.S. 1225 (1997).

15. Accretive Solutions has been unable to find any written statement on the record by the Debtors justifying the separate classification of similarly situated unsecured creditors. Accretive Solutions reserves the right to further supplement this Objection and rebut any proof or justification for this classification scheme subsequently offered by the Debtors. Based upon the facts and argument presented thus far, however, the Plan clearly does not properly classify claims pursuant to §1122 and therefore must not be confirmed.

**B.     The Plan Unfairly Discriminates Against Holders of Class 5 Claims**

16. Because Holders of Class 5 Claims are receiving nothing under the Plan, they are deemed to have rejected it. Thus, in order to confirm the Plan despite Class 5's rejection, the

Debtors must satisfy the provisions of §1129(b)(1) regarding the cramdown of claims and interests. In order to cramdown a class of claims, the Court must first determine that "the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. §1129(b)(1).

17. "[A] rebuttable presumption of unfair discrimination arises when there is: (1) a dissenting class; (2) another class of the same priority; and (3) a difference in the plan's treatment of the two classes that results in either (a) a materially lower percentage recovery for the dissenting class (measured in terms of the net present value of all payments), or (b) regardless of percentage recovery, an allocation under the plan of materially greater risk to the dissenting class in connection with its proposed distribution." *In re Armstrong World Indus., Inc.,* 348 B.R. 111, 121-22 (D. Del. 2006) (quoting, *In re Dow Corning Corp.,* 244 B.R. 696, 702 (Bankr. E.D. Mich.1999)).

18. All of the elements necessary for applying the rebuttable presumption of unfair discrimination are present here: (1) Class 5 dissents; (2) Class 4 and the Lender's Unsecured Claim are other classes of the same priority as Class 5; and (3) Class 5 Claimants will recover materially less than Class 4 Claimants and the Lenders: Class 4 Claimants will be paid 100% on account of their claims, and the Lenders will receive stock, while Class 5 Claimants will be paid 0%.

19. The Debtors have the burden of rebutting the presumption of unfair discrimination. *In re Armstrong World Indus., Inc.,* 348 B.R. 111, 122 (D. Del. 2006). The only way for the Debtors to rebut the presumption of unfair discrimination is to show either that Class 5 claimants would have a lower priority than Class 4 Claims and the Lender's Unsecured Claim

outside of bankruptcy, or that Class 4 claimants and the Lenders have given new value to the reorganized Debtors which value offsets the gain they have achieved under the Plan. *Id.* at 121.

20. In this case, the Debtors cannot rebut the presumption that the Plan discriminates unfairly against Class 5 members because (a) outside of bankruptcy, Class 4, the Lender's Unsecured Claim and Class 5 claimants would be treated as of equal rank in priority, and (b) there has been no allegation that Class 4 claimants or the Lenders (on account of their unsecured claim) have given anything of value to the Debtors during this short reorganization case.

21. Class 5 Claimants and Class 4 Claimants are treated as unequally as imaginable, 0% compared to 100%. Class 5 Claimants and the Lenders also are treated unequally: 0% compared to stock.

22. For all of the reasons set forth above, the Plan discriminates unfairly against Class 5 Claimants and does not satisfy 11 U.S.C. §1129(b)(1). The Plan therefore cannot be crammed down over the dissent of Class 5 Claimants and confirmation should be denied.

**C.  The Treatment of Retained Causes of Action in the Plan Supplement Unfairly Discriminates Against Certain Holders of Class 5 Claims**

23. The discriminatory treatment afforded to Holders of Class 5 Claims was further compounded upon the filing of the Debtors' Plan Supplement on April 4, 2008. Exhibit B to the Plan Supplement includes a list of Retained Causes of Action which according to Article IV.R of the Plan are specifically preserved and may be pursued by the Reorganized Debtors post-confirmation. Plan at p. 20. In particular, the second Retained Cause of Action listed on Exhibit B of the Plan Supplement is a claim for "reimbursement or set-off" against Accretive Solutions.

24. The Debtors' Plan places Accretive Solutions, a trade creditor whom the SIRVA simply stopped paying as their contract reached a conclusion, in Class 5 and excludes Accretive

8

Solutions from any recovery on its claim. Through the Plan Supplement, however, the Debtor has retained the right to seek affirmative recovery against Accretive Solutions on any possible claims SIRVA may have against Accretive Solutions. The shareholders of the Reorganized Debtor, such as the Lenders who would receive stock on account of their unsecured claims, stand to benefit from these Retained Causes of Action against Accretive Solutions and other Holders of Class 5 Claims.

25. As discussed above, the Debtors have not shown any basis for the differing treatment of the three different classes of unsecured creditors created by the Plan. By providing a means whereby one group of unsecured creditors stands to gain at the direct expense of another, the Plan and Plan Supplement unfairly and impermissibly discriminate against the Class 5 Creditors listed on Exhibit B to the Plan Supplement. Because the Plan fails to satisfy the requirements of 11 U.S.C. §1129(b)(1), it cannot be crammed down over the dissent of the Class 5 Creditors.

## RESERVATION OF RIGHTS

26. Accretive Solutions expressly reserves, and does not waive, any and all of its rights, and/or defenses under its contract with SIRVA and under applicable law. Accretive Solutions further reserves all of its rights to raise the issues contained in this Objection and any other related issues in any procedurally-appropriate contested matter and/or adversary proceeding.

27. Accretive Solutions also reserves its right to amend, modify or supplement this Objection in response to, or as a result of any discovery being conducted in connection with the

confirmation of the proposed Plan and/or any submission in connection with the proposed Plan or these Chapter 11 Cases filed by any party-in-interest.

28. Accretive Solutions also reserves the right to adopt any other objections to the Plan filed by any other party.

## **CONCLUSION**

29. For the reasons set forth above, the Plan should not be confirmed unless the objections raised herein are resolved.

WHEREFORE, for all the foregoing reasons, Creditor, Accretive Solutions, LP respectfully requests that the Bankruptcy Court deny confirmation of the proposed Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code unless the objections raised herein are addressed, together with such further relief as the Court deems appropriate.

Dated: April 11, 2008

Respectfully submitted,

**OKIN & ADAMS LLP**

By:  /s/ *Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
Email: mokin@okinadams.com
1113 Vine St. Suite 201
Houston, TX 77002
Tel: (713) 228-4100
Fax: (888) 865-2118
**ATTORNEYS FOR ACCRETIVE SOLUTIONS-HOUSTON, L.P.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed electronically on this 11th day of April, 2008. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

This is to further certify that on this 11th day of April, 2008, a copy of the foregoing was served via Federal Express, postage prepaid, upon the parties listed below:

Marc Kieselstein
Adam C. Paul
Scott R. Zemnick
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, Illinois 60601

Peter V. Pantaleo
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Paul K. Schwartzberg
Office of the United States Trustee
Southern District of New York
33 Whitehall Street, 21st Floor
New York, New York, 10004

Brad R. Godshall
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, New York, 10017

This is to further certify that on the 14th day of April 2008, a copy of the foregoing will be served via United States Mail, postage prepaid, upon the parties listed on the current Rule 2002 Notice List maintained by the Debtors in this case.

        /s/ *Matthew S. Okin*
        Matthew S. Okin