UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re

DJK RESIDENTIAL LLC, *et. al.*,

       Reorganized Debtors.

-----------------------------------------------------------------

: Chapter 11
:
: Case No. 08-10375 (JMP)
:
: (Jointly Administered)
:
:

# MEMORANDUM DECISION AND ORDER DENYING MOTION TO INTERVENE

HUGHES HUBBARD & REED LLP
Counsel for the *Beach* Plaintiffs
One Battery Park Plaza
New York, New York 10004-1482

    Christopher Gartman, Esq.

RICHARDSON, PATRICK,
WESTBROOK & BRICKMAN, LLC
Counsel for the *Beach* Plaintiffs
1037 Chuck Dawley Blvd. Bldg. A
P.O. Box 1007
Mt. Pleasant, SC 29464

    T. Christopher Tuck, Esq.

KIRKLAND & ELLIS LLP
Counsel for the Reorganized Debtors
300 N. LaSalle
Chicago, Illinois 60654

    Adam Paul, Esq.
    Casey Nokes, Esq.

JONATHAN LEE RICHES
*Pro se* Objector
P.O. Box 340
Salters, SC 29590

    Jonathan Lee Riches, *Pro se*

1

**JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before this Court is a motion (the "Motion") filed by Jonathan Lee Riches ("Riches"), allegedly with Baz Luhrmann and Abdel Basset Al Megrahi[1] (together the "Movants"), (i) objecting to an unidentified "settlement;" and (ii) requesting to intervene as plaintiffs under Rule 24 of the Federal Rules of Civil Procedure, made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure, and the right to be heard under Rule 2018 of the Federal Rules of Bankruptcy Procedure. (ECF Doc. # 657).

In their one paragraph Motion, the Movants claim that the "intervention brings questions of laws [*sic*] and facts that are common in this Action," that "Intervenors [*sic*] were defrauded," that "Intervenors [*sic*] had Financial [*sic*] interests with DJK Residential LLC" and that they "can produce newly discovered evidence, documents, exhibits, photos [*sic*]." *Id.* For the reasons explained below, the objection has been overruled and the Motion is denied.

I.  *MOTION TO OBJECT TO SETTLEMENT*

Movants' seek to object to a settlement, without specifying the settlement that is the subject of the objection. After reviewing the docket, it appears that the only settlement motion filed in this case is the Preliminary Fairness Motion relating to the settlement of the so-called Beach class action litigation (the "Preliminary Fairness Motion"), which had a response deadline

---

[1] Baz Luhrmann is an Oscar and Golden Globe nominated film director, who is probably most well-known as director of the movie "Moulin Rouge." Baz Luhrmann – Biography, http://www.imdb.com/name/nm0525303/bio. Abdel Basset Al Megrahi was a Libyan security officer, who was convicted for his involvement in the 1988 bombing of Pan Am flight 103 over Lockerbie Scotland and is currently serving 27 years to life in a Scottish prison. DIRK VANDEWALLE, A HISTORY OF MODERN LIBYA 169-172 (Cambridge University Press 2006); James Morrison, *Embassy Row; Lockerbie Fears,* WASH. TIMES, Feb. 17, 2009 at A11. Moreover, some of the information set forth in the hand-written Motion appears to be fictitious. The only building located at 92 W. Prospect St. Mansfield, Ohio, the alleged location of Luhrmann and Al Megrahi, is the Prospect Elementary School, and the phone number listed in the complaint for that address is an unpublished land line in Beatty, Nevada.

2

of December 10, 2008. (ECF Doc. # 642). On December 11, 2008, the Court held a hearing on the Preliminary Fairness Motion and entered an order granting that motion ("Preliminary Fairness Order"). (ECF Doc. # 651). On January 6, 2009, Movants filed this Motion which lacks specificity, but conceivably could relate to the final approval of the Beach class action settlement (the "Beach Settlement"). (ECF Doc. # 671). On April 19, 2009, the Court held a hearing for final approval of the Beach Settlement. During that hearing, counsel for the plaintiff class assumed, for purposes of argument, that the objection related to the Beach Settlement. The Court made the same assumption, overruled Movants' objection and granted the relief sought.[2] (ECF Doc. # 677)

Although the Motion objecting to the settlement appeared frivolous on its face, the Court nonetheless treated the objection as one that related to the Beach Settlement and found that it failed to meet the requirements set forth in the Preliminary Fairness Order. The Preliminary Fairness Order gives a Participating Settlement Class Member[3] the ability to object to the entry of a final order. The objection must have been received before March 20, 2009, and include:

> (i) a statement of each objection asserted; (ii) a detailed description of the facts underlying each objection; (iii) a copy of the objector's Household Goods Moving Services invoice; (iv) any other documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (v) detailed description of the legal authorities supporting each objection; (vi) a statement of whether the objector intends to appear and argue at the Fairness Hearing; and (vii) a copy of any exhibits which the objector may offer during the Fairness Hearing.

*Id.* at ¶ 19. Movants have not met any of the listed requirements. Additionally, there are no other unresolved settlements on the docket to which the Movants plausibly could object. The

---

[2] No one appeared at the hearing on April 19, 2009, to argue the objection on behalf of the Movants. In addition to the reasons set forth in this memorandum decision, the objection is denied, because the Movants failed to appear and present any grounds in support of the objection during the hearing.

[3] This term is defined in the Preliminary Fairness Motion.

3

Motion, as it relates to the Beach Settlement has been overruled for the reasons stated. The Motion, as it may relate to some other unspecified settlement is so vague and devoid of substance that Movants' objection is meaningless and must be denied.

## II. MOTION TO INTERVENE

Movants' second request seeks to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure. Alternatively, Movants seek to intervene under Rule 2018 of the Federal Rules of Bankruptcy Procedure. For the reasons explained below, the Court finds that intervention in this case is neither appropriate nor permissible under either of these rules.

### A. *Federal Rule of Bankruptcy Procedure 7024*

Federal Rule of Bankruptcy Procedure 7024 states, "Rule 24 F. R. Civ. P. applies in adversary proceedings." FED. R. BANKR. P. 7024 (emphasis added). *DJK Residential LLC*, Case No. 08-10375 is a chapter 11 case and not an adversary proceeding. By its terms, Rule 7024 does not apply in a chapter 11 bankruptcy case, because under § 1109(b) of the United States Bankruptcy Code, a party in interest may appear and be heard on any issue without the need to intervene.[4] Therefore, to the extent that the Motion to intervene is based on Rule 7024 of the Federal Rules of Bankruptcy Procedure, the Motion is denied for being inapplicable to the DJK Residential LLC bankruptcy case.

### B. *Federal Rule of Bankruptcy Procedure 2018*

Under Rule 2018 of the Federal Rules of Bankruptcy Procedure, the Court has discretion "for cause shown, [to] permit any interested entity to intervene generally or with respect to any specified matter." FED. R. BANKR. P. 2018. Movants claim that they "[1] were defrauded [and]

---

[4] Accordingly, if Movants can demonstrate that they are parties in interest, intervention is unnecessary. Movants, however, have failed to show that they are so situated as to qualify as a party in interest with a right to be heard.

4

had Financial [*sic*] interests with DJK Residential LLC and [2] can produce newly discovered evidence, documents, exhibits, photos [*sic*]." (ECF Doc. # 657). These allegations are general and lacking in any meaningful detail. Permissive intervention is not warranted in light of the Movants' ability to have filed a proof of claim[5] or to commence an adversary proceeding alleging a claim consistent with the pleading requirements for complaints alleging fraud. FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). *See* FED. R. BANKR. P. 7009; FED. R. BANKR. P. 9014.

> The particularity requirement exists primarily to discourage the filing of frivolous suits and to provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." In general, a fraud claim is sufficiently particularized when it sets forth the time, place, particular contents of the false representations, the identity of the party making the false representations, and the consequences of the misrepresentation.

*In re Rand,* 144 B.R. 253, 258 (Bankr. S.D.N.Y. 1992) (citations omitted). Movants make only the most general reference to fraud by claiming that "they were defrauded," without offering any specific allegations or supporting documentation. These naked allegations fail to meet the particularity requirement of Federal Rule of Civil Procedure 9(b).

Although Movants claim to possess "newly discovered evidence, documents, exhibits, photos, [*sic*]," that claim is not the least bit credible. Jonathan Lee Riches, one of the Movants, appears to be playing games for his own amusement by filing thousands of lawsuits in the federal district courts.[6] Most recently, in the first week of January 2009, Riches filed requests to

---

[5] The bar date for filing a proof of claim expired on June 16, 2008. (ECF Doc. # 496)

[6] The results of an ECF/Pacer USParty/Case Index Search conducted on May 11, 2009, for "Riches, Jonathan Lee" indicated that Riches is a party to 3093 cases, eighteen of which are bankruptcy proceedings. https://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl. S*ee also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 2008 WL 3271550, at *1 (W.D. Pa. 2008). *See generally* http://en.wikipedia.org/wiki/Jonathan_Lee_Riches; http://www.abovethelaw.com/jonathan_lee_riches.

5

intervene in two other cases before this Court.[7] These motions are similar in that they are approximately one paragraph long, request leave to intervene and claim to have some "newly discovered evidence," including various documents, photos, exhibits, and phone transcripts. Case No. 08-01789 (ECF Doc. # 48); Case No. 08-13555 (ECF Doc. # 2664).

The filing of a piece of paper with bald assertions is not sufficient to initiate a legitimate contested matter. On its face, the Motion is a frivolous, teasing and willful abuse of the bankruptcy system.[8] Movants have not furnished any proof that grounds exist to support the relief requested and nothing presented by Movants rises to the level of cause required by Rule 2018 of the Federal Rule of Bankruptcy Procedure. The Motion, therefore, is denied.


Dated: New York, New York
       May 12, 2009

                                              *s/ James M. Peck*
                                              JAMES M. PECK
                                              United States Bankruptcy Judge

---

[7] Riches has filed motions to intervene in the *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, *In re Lehman Brothers Holdings Inc.* and possibly other cases pending before this Court. Case No. 08-01789 (ECF Doc. # 48) (the "Madoff Motion"); Case No. 08-13555 (ECF Doc. # 2664) (the "Lehman Motion"). The Madoff Motion has been denied for failure to show cause. Case No. 08-01789 (ECF Doc. # 56). The Lehman Motion is currently pending before the Court and will be dealt with separately.

[8] Riches' repeated filings of frivolous motions is a clear waste of judicial resources and appears to have become a hobby or form of entertainment for Mr. Riches. Given Mr. Riches' current incarceration, sanctions are likely futile as a practical means to suppress this behavior, and the judicial system may need to explore appropriate ways to prevent further wasteful litigation brought by Mr. Riches and penalize this prisoner who is treating the courts cavalierly and with disrespect.